**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| FOLDING LIGHT, LLC, | |
| Plaintiff, | |
| v. | Case Number: 19-cv-03949 |
| KASEY KLAAS, MATTHEW ANDREWS, JON SCHLOSSBERG, RIZWAN PATEL, MATTHEW LELI, PETER ZHANG, and BUNNY FOO FOO LABS, LLC | Hon. Harry D. Leinenweber |
| Defendants. | **DEMAND FOR JURY TRIAL** |
| JONATHAN SCHLOSSBERG, individually and derivatively on behalf of FOLDING LIGHT, LLC, | |
| Counter/Third-Party Plaintiff, | |
| v. | |
| FOLDING LIGHT, LLC and BROCK FLAGSTAD | |
| Counter/Third-Party Defendants. | |

## JONATHAN SCHLOSSBERG'S, PETER ZHANG'S AND RIZWAN PATEL'S ANSWERS AND AFFIRMATIVE DEFENSES TO COMPLAINT & JONATHAN SCHLOSSBERG'S COUNTERCLAIM AND THIRD-PARTY COMPLAINT FOR DAMAGES, INJUNCTIVE AND OTHER RELIEF

Defendants Jonathan Schlossberg ("Schlossberg"), Peter Zhang ("Zhang") and Rizwan Patel ("Patel")(collectively, "Defendants"), by and through their attorneys, Barrie L. Brejcha and BAKER McKENZIE LLP, for their responses to the Complaint of Folding Light, LLC ("Folding Light"), state as follows:

1

## ANSWER TO COMPLAINT

### Nature of the Action

1.      This action arises out of Defendants' intentional and malicious theft and destruction of Folding Light's entire business, including nearly all of its confidential trade secrets, intellectual property, and other property. The Individual Defendants, all of whom are now or were formerly affiliated with Folding Light either as a manager, member, or contractor, surreptitiously entered Folding Light's offices after hours and stole Folding Light's computers, trade secrets, intellectual property, and other assets, including even its furniture.

**SCHLOSSBERG ANSWER:**  Defendant admits that he was affiliated with Folding Light as a member and manager.  Defendant denies all other allegations in paragraph 1.

**ZHANG, PATEL ANSWER:**  Defendants admit that they were affiliated with Folding Light as contractors.  Defendants deny all other allegations in paragraph 1.

2.      In an effort to conceal their misconduct and in a further effort to destroy Folding Light's business, the Individual Defendants also maliciously deleted nearly all information and data from Folding Light's remaining computers, including Folding Light's confidential and proprietary trading software platform that was the centerpiece of Folding Light's business.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:**  Defendants deny all allegations in paragraph 2.

3.      Upon information and belief, the Individual Defendants have used the information and property they stole from Folding Light, including Folding Light's trading platform, other

trade secrets and intellectual property, and computers to form a competing business, Bunny Foo Foo Labs, LLC ("Bunny Foo Foo Labs") and to siphon away Folding Light's trading customers.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants deny all allegations in paragraph 3.

4.      After Defendants stole and destroyed Folding Light's intellectual property, trade secrets, and other property, Defendants engaged in a malicious campaign to disparage Folding Light's principals, to usurp its relationships with investors and customers, and to cut off Folding Light's access to capital.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants deny all allegations in paragraph 4.

5.      Unfortunately, Defendants' illegal campaign was all too successful. Defendants' illegal theft and wanton campaign to usurp for themselves Folding Light's investments and relationships has destroyed Folding Light's business and left it unable to operate.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants deny all allegations in paragraph 5.

6.      Defendants' conduct gives rise to liability for violation of the Computer Fraud and Abuse Act, misappropriation of trade secrets under the Illinois Trade Secrets Act and the Defend Trade Secrets Act, conversion, breach of contract, tortious interference with contract, tortious interference with business expectancy, and breach of fiduciary duties.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Paragraph 6 contains legal conclusions to which no response is required. To the extent that a response is required, defendants deny all allegations in paragraph 6.

7. Accordingly, Folding Light brings this action seeking injunctive relief, damages, disgorgement of profits, statutory penalties, and attorneys' fees.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants deny that plaintiff is entitled to the relief sought in this action.

## The Parties

8. Folding Light is a Delaware limited liability company with its principal place of business located at 215 West Ohio Street, Chicago, Illinois 60654.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants admit the allegations in paragraph 8, with respect to the period during which each was affiliated with Folding Light.

9. Klaas is a member of Folding Light and a citizen of the State of Illinois.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants admit that Klaas was a member of Folding Light, but lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 9.

10. Andrews is a former member of Folding Light and is a citizen of the State of Illinois.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants admit that Andrews was a member of Folding Light, but lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 10.

11.     Schlossberg is a former member and manager of Folding Light and a citizen of the State of Illinois.

**SCHLOSSBERG ANSWER:** Defendant admits that, at all relevant times, he was a member and manager of Folding Light, and that he is a citizen of the State of Illinois.

**ZHANG, PATEL ANSWER:** Defendants admit that Schlossberg was a member and manager of Folding Light, but lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 11.

12.     Patel is a former independent contractor for Folding Light and a citizen of the State of Illinois.

**SCHLOSSBERG, ZHANG ANSWER:** Defendants admit that Patel is a former independent contractor for Folding Light, but lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 12.

**PATEL ANSWER:** Defendant admits that he is a former independent contractor for Folding Light and a citizen of the State of Illinois.

13.     Leli is a former independent contractor for Folding Light and is a citizen of the State of Illinois.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants admit that Leli is a former independent contractor for Folding Light, but lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 13.

14.    Zhang is a former independent contractor for Folding Light and is a citizen of the State of Illinois.

**SCHLOSSBERG, PATEL ANSWER:** Defendants admit that Zhang is a former independent contractor for Folding Light but lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 14.

**ZHANG ANSWER:** Defendant admits that he is a former independent contractor for Folding Light and a citizen of the State of Illinois.

15.    Bunny Foo Foo Labs, LLC is a Delaware limited liability company with its principal place of business located at 401 West Superior Street, Chicago, Illinois.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15.

### Jurisdiction and Venue

16.    Pursuant to 28 U.S.C. § 1331, this court has original jurisdiction as Folding Light's Computer Fraud and Abuse Act and Defend Trade Secrets Act claims arise under federal law.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** The jurisdictional allegations in paragraph 16 state legal conclusions to which no answer is required.

6

17.     Pursuant to 28 U.S.C. § 1367, this court has supplemental jurisdiction over the claims arising under Illinois law because they are so related to the claims providing original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:**  The jurisdictional allegations in paragraph 17 state legal conclusions to which no answer is required.

18.     Pursuant to 28 U.S.C. § 1391(a), venue is proper in this Court because a substantial part of the events giving rise to the claim occurred in this district. Folding Light is located in Cook County, Illinois, and Defendants' theft of confidential information, trade secrets, and Folding Light's other property occurred in Cook County, Illinois.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:**  The venue allegations in paragraph 18 state legal conclusions to which no answer is required.

**Formation of Folding Light**

19.     In 2017, Brock Flagstad ("Flagstad"), Kasey Klaas ("Klaas"), Jon Schlossberg ("Schlossberg"), and Matt Andrews ("Andrews") began working on the Folding Light business.

**SCHLOSSBERG ANSWER:**  Defendant denies the allegations in paragraph 19. Answering further Defendant states that, in May 2017, Folding Light had neither been conceptualized, nor formed as an LLC.

**ZHANG, PATEL ANSWER:**  Defendants lack knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 19.

20.     Folding Light was in the business of electronically trading securities and commodities in several markets.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:**  Defendants admit that, Folding Light, LLC engaged in the business alleged in paragraph 20. .

21.     Beginning in May 2017, Andrews and Schlossberg were retained as independent contractors.   Schlossberg was primarily responsible for developing Folding Light's trading platform (as described below) and identifying and creating electronic trades for Folding Light to conduct.

**SCHLOSSBERG ANSWER:**  Defendant admits that, in May 2017, he and Matt Andrews were retained by Brock Flagstad and Kasey Klaas as independent contractors. Answering further, Defendant states that Folding Light had neither been created nor conceptualized in May 2017, and therefore denies the remaining allegations of paragraph 21.

**ZHANG, PATEL ANSWER:**  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21.

22.     Andrews was primarily responsible for business development and raising capital with which Folding Light could trade.

**SCHLOSSBERG ANSWER:**  Defendant admits that Andrews was retained as an independent contractor, but denies the remainder of the allegations in paragraph 22.  Answering further, Defendant states that Folding Light had neither been created nor conceptualized in May 2017

**ZHANG, PATEL ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22.

23. Andrews and Schlossberg were each paid $250,000 per year for this work.

**SCHLOSSBERG ANSWER:** Defendant admits that, as an independent contractor, he was paid $250,000 a year for his services.

**ZHANG, PATEL ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23.

24. Beginning in late 2017, Folding Light sought and obtained millions of dollars in outside investment so that it could grow its business. In connection with the outside investment, Folding Light prepared a formal operating agreement by which it would be governed.

**SCHLOSSBERG ANSWER:** Defendant denies the allegations in paragraph 24. Answering further, upon information and belief, investment money to start the business was not obtained, and an operating agreement was not prepared, until well into 2018.

**ZHANG, PATEL ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24.

25. On February 1, 2018, Flagstad, Klaas, Schlossberg, Andrews, Rick Sterioti ("Sterioti"), and James Streibich ("Streibich"), as representative of the James Streibich Revocable Trust of 2002, entered into the Folding Light, LLC Limited Liability Company Agreement (the "LLC Agreement").

**SCHLOSSBERG ANSWER:** Defendant denies the allegations in paragraph 25. Answering further, Defendant states that the parties executed the LLC Agreement in late May 2018, and that the Agreement was backdated to February 1, 2018.

**ZHANG, PATEL ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25.

26. A true and accurate copy of the LLC Agreement is attached as Exhibit A.

**SCHLOSSBERG ANSWER:** Defendant admits that Exhibit A appears to be a true and correct copy of the LLC Agreement.

**ZHANG, PATEL ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26.

27. Pursuant to the LLC Agreement, Folding Light is managed by a Management Committee:

. . . the business and affairs of the Company shall be managed under the direction of its Managers (collectively, the "Management Committee"). Except as otherwise specifically provided herein or by Applicable Law, the Management Committee shall have full, exclusive and complete discretion to manage and control the business and affairs of the Company, to make all decisions affecting the business and affairs of the Company and to take all such actions as the Management Committee deems necessary or appropriate to accomplish the purposes of the Company as set forth herein (including without limitation the making of decisions affecting investments, distributions and compensation). (Ex. A, § 6.1(a)).

**SCHLOSSBERG ANSWER:** To the extent the allegations in Paragraph 27 seek to paraphrase or characterize the LLC Agreement, the document speaks for itself. Defendant denies the allegations to the extent that they are inconsistent with the document.

**ZHANG, PATEL ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27.

28. The initial Management Committee was comprised of Flagstad, Schlossberg, and Streibich. (Ex. A, § 6.1(d)).

**SCHLOSSBERG ANSWER:** Defendant admits the allegation in paragraph 28.

**ZHANG, PATEL ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28.

29. Pursuant to the LLC Agreement, Flagstad was the Lead Manager of Folding Light. (Ex. A, § 6.1(i)). He remains the Lead Manager today.

**SCHLOSSBERG ANSWER:** Defendant admits that Flagstad was the Lead Manager of Folding Light pursuant to the LLC Agreement. Defendant lacks knowledge or information sufficient to form a belief as to the remainder of the facts alleged and, therefore, demands strict proof thereof.

**ZHANG, PATEL ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29.

30. The LLC Agreement further provides that:

Upon the Company's request, any Member who has notified the Company of his or her resignation or has been terminated by the Company shall agree to a "garden leave" for a period not to exceed twelve (12) months, as determined by the Management Committee, during which period such Member shall (i) provide services to the Company from a remote location, (ii) refrain from providing services to any Person other than the Company, (iii) adhere to the other provisions of this Section 6.5 and (iv) be entitled to compensation commensurate with the services provided. (Ex. A, § 6.5(c)).

**SCHLOSSBERG ANSWER:** To the extent the allegations in Paragraph 30 seek to paraphrase or characterize the LLC Agreement, the document speaks for itself. Defendant denies the allegations to the extent that they are inconsistent with the document.

**ZHANG, PATEL ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30.

31. The LLC Agreement defines "Intellectual Property" as:

. . . the rights associated with or arising out of any of the following: (i) domestic and foreign patents and patent applications, together with all reissuances, divisionals, continuations, continuations-in-part, revisions, renewals, extensions, and reexaminations thereof, and any identified invention disclosures; (ii) trade secret rights and corresponding rights in confidential information and other nonpublic information (whether or not patentable), including ideas, formulas, compositions, inventor's notes, discoveries and improvements, know-how, manufacturing and production processes and techniques, testing information, research and development information, inventions, invention disclosures, unpatented blueprints, drawings, specifications, designs, plans,

12

proposals and technical data, business and marketing plans, market surveys, market

know-how and customer lists and information (iii) all copyrights, copyrightable works,

rights in databases, data collections, "moral" rights, mask works, copyright registrations

and applications therefor and corresponding rights in works of authorship; (iv) all

trademarks, service marks, logos, trade dress and trade names and domain names

indicating the source of goods or services, and other indicia of commercial source or

origin (whether registered, common law, statutory or otherwise), all registrations and

applications to register the foregoing anywhere in the world and all goodwill associated

therewith; (v) all computer software and code, including assemblers, applets, compilers,

source code, object code, development tools, design tools, user interfaces and data, in any

form or format, however fixed; and (vi) all Internet domain names, electronic addresses,

websites, proprietary symbol sets and proprietary voices, uniform resource locators and

alphanumeric designations associated therewith and all registrations for any of the

foregoing.  (Ex. A, pp. 9-10).

**SCHLOSSBERG ANSWER:**  To the extent the allegations in Paragraph 31 seek to

paraphrase or characterize  the LLC Agreement, the document speaks for itself.  Defendant

denies the allegations to the extent that they are inconsistent with the document.

**ZHANG, PATEL ANSWER:**  Defendants lack knowledge or information sufficient to

form a belief as to the truth of the allegations in paragraph 31.

32. The LLC Agreement states that all Intellectual Property is the property of Folding

Light:

(b) Each Member agrees that (i) to the extent permitted by Applicable Law, all such Intellectual Property Created after the date of this Agreement (collectively, the "LLC IP") shall be deemed a "work made for hire" within the meaning of that term under United States Copyright Act, 17 U .S.C. §§ 101 et seq., as amended or superseded, and (ii) the Company shall be deemed the exclusive author of such LLC IP and the exclusive owner of all rights, title and interest in and to such LLC IP in any and all media, languages, territories and jurisdictions throughout the world, now known or hereafter devised.

(c) Each Member hereby (i) assigns and transfers to the Company, in respect of each item of LLC IP, as of the date of its Creation, any and all rights, title and interest such Member may have or acquire in and to any LLC IP (including any LLC IP not deemed, for whatever reason, to be a work made for hire); and (ii) irrevocably waives and assigns to the Company any and all so-called moral rights or "droit moral" as such Member may have in or with respect to such LLC IP. Each Member hereby represents and warrants (x) it shall not make any grant, pledge, or other disposition in respect of any right, title or interest in or to such LLC IP to any Person other than the Company; and (y) such LLC IP will, unless otherwise authorized by the Company in writing, be an original Creation by such Member and will not improperly use or disclose any trade secret, or confidential information, or other property of any other Person. (Ex. A, § 6.6(b)-(c)).

**SCHLOSSBERG ANSWER:** To the extent the allegations in Paragraph 32 seek to paraphrase or characterize  the LLC Agreement, the document speaks for itself.  Defendant denies the allegations to the extent that they are inconsistent with the document.

**ZHANG, PATEL ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32.

33. The LLC Agreement also forbids the use and disclosure of confidential and propriety information and requires each member to keep such information confidential:

Each Member recognizes and acknowledges that such Member will be entrusted with or have access to confidential and proprietary information of the Company, Affiliates of the Company and/or third parties to which the Company or any Affiliate thereof owes a duty of confidentiality (whether pursuant to Applicable Law, by contract or otherwise). Each Member therefore agrees that for so long as he is a Member, and for the longest period of time permitted by law thereafter, such Member shall (i) not, without the prior written consent of the other Member, directly or indirectly use, copy or duplicate, or disclose or otherwise make available to any third party, any Confidential Information (as defined below) other than in the performance of such Member's duties with respect to the Company, (ii) take such protective measures as may be reasonably necessary to preserve the secrecy and interest of the Company in the Confidential Information, and (iii) not, without the prior written consent of the other Member, utilize or convert Confidential Information for such Member's own benefit or gain, of whatever nature other than (x) in performance of such Member's duties to the Company (whether as a Manager, Member or otherwise) or (y) in connection with such Member's Trading for his own account. Upon ceasing to be a Member for any reason whatsoever, each Member shall use reasonable efforts to promptly (i) delete or cause to be deleted any Confidential Information held in electronic format and (ii) deliver or cause to be delivered to the Company any and all other tangible Confidential Information in each case in such

Member's possession, custody or control. As used herein, the term "Confidential Information" shall mean trade secrets and other non-public information, whether tangible or intangible, in any form or medium, relating to the business or affairs of the Company or its Affiliates that is proprietary to the Company or its Affiliates and which the Company or its Affiliates make reasonable efforts to keep confidential, including, but not limited to, relationships with, and contact information of, Investors and Prospective Investors, materials, research, systems, plans and procedures of or relating to the Company or its Affiliates, databases, software and enhancements thereto, processes, Trading or investment strategies and methodologies, Trading or investment systems, financial products or risk management models, revenue models, manuals, confidential reports, quantitative and other strategies and methodologies, procedures, techniques, discoveries and concepts, financial products and investment positions of the Company or its Affiliates, business plans and strategies, pricing and other financial information, marketing plans, advertising, names, addresses and other information regarding all past, existing Investors and Prospective Investors, vendors and suppliers of the Company or its Affiliates and any confidential information of any such Investors, vendors or suppliers, contractual arrangements, personnel records and other information relating to employees, training materials, statistical data, the source code of the Work, if applicable, and any other non-public information or data comprising or related to the Work, and other proprietary technologies and processes, source code, specifications, inventions, designs, developments of the Company or its Affiliates and other proprietary information used by the Company or its Affiliates in connection with their respective businesses and/or which the Company or any of its Affiliates is obligated to any third party to maintain as

confidential. The Members acknowledge that the Confidential Information is vital, sensitive, confidential and proprietary to the Company. (Ex. A, 6.5(c)).

**SCHLOSSBERG ANSWER:** To the extent the allegations in Paragraph 33 seek to paraphrase or characterize the LLC Agreement, the document speaks for itself. Defendant denies the allegations to the extent that they are inconsistent with the document.

**ZHANG, PATEL ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33.

34. The LLC Agreement also provides that in the event a member learns about a potential business opportunity, the member must present that opportunity to Folding Light and not exploit or usurp it for the member's own benefit. (Ex. A, 6.3(c)).

**SCHLOSSBERG ANSWER:** To the extent the allegations in Paragraph 34 seek to paraphrase or characterize the LLC Agreement, the document speaks for itself. Defendant denies the allegations to the extent that they are inconsistent with the document.

**ZHANG, PATEL ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34.

35. The LLC Agreement also contains the following covenant restricting the conduct of the Members:

Each Member hereby agrees that, during the period commencing on the date hereof and ending on the date that is eighteen months immediately following the date such Member is no longer a Member of the Company (such period shall be referred to as the

17

"Restricted Period"), such Member shall not, without the prior written consent of the other Member [sic], directly or indirectly, alone or in combination with any other Person, (i) employ, offer employment to, or otherwise attempt to hire, as an employee, consultant, independent contractor or otherwise (or assist any other Person to take any such action regarding), any individual employed or engaged by the Company or any of its Affiliates during the six month period prior to the date of contact; (ii) solicit an investment (whether a capital investment, debt investment or otherwise) from any Investor or Potential Investor of the Company or its Affiliates; or (iii) otherwise seek to influence or alter any relationship between the Company or any of its Affiliates and any Person referred to in clause (i) or (ii) above. (Ex. A, § 6.5(a).)

**SCHLOSSBERG ANSWER:** To the extent the allegations in Paragraph 35 seek to paraphrase or characterize the LLC Agreement, the document speaks for itself. Defendant denies the allegations to the extent that they are inconsistent with the document.

**ZHANG, PATEL ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35.

36.    The LLC Agreement defines "Investor" as "any Person who has invested with, or provided funds (whether by a capital investment, debt investment or otherwise) to, the Company or its Affiliates." (Ex. A, p. 10).

**SCHLOSSBERG ANSWER:** To the extent the allegations in Paragraph 36 seek to paraphrase or characterize the LLC Agreement, the document speaks for itself. Defendant denies the allegations to the extent that they are inconsistent with the document.

18

**ZHANG, PATEL ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36.

37. If Folding Light brings a successful legal action to enforce any provisions of The LLC Agreement or to recover damages for breaches of The LLC Agreement, The LLC Agreement provides Folding Light is entitled to recover its attorneys' fees and costs:

> In the event of legal action to interpret or enforce any of the terms or provisions of this Agreement or to recover damages for a breach thereof, the prevailing party shall be entitled to recover reasonable attorney's fees actually incurred plus costs. (Ex. A, § 11.6.)

**SCHLOSSBERG ANSWER:** To the extent the allegations in Paragraph 37 seek to paraphrase or characterize the LLC Agreement, the document speaks for itself. Defendant denies the allegations to the extent that they are inconsistent with the document.

**ZHANG, PATEL ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37.

**<u>Folding Light's Intellectual Property and Trade Secrets</u>**

38. Folding Light was formed to engage in electronic securities and commodities trading in multiple different markets.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants admit the allegation in paragraph 38.

39. In order to further its trading business and to provide it with flexibility to trade in multiple different markets, Folding Light expended substantial time, money, and other resources

to develop intellectual property and trade secrets that give it a competitive advantage in its line of business.

**SCHLOSSBERG ANSWER:** Defendant admits that Folding Light expended capital to develop a trading platform that integrated Schlossberg's existing application, trading strategies and code, in an effort to gain a competitive advantage in its line of business. Defendant denies the remainder of the allegations in paragraph 39.

**ZHANG, PATEL ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39.

40. The trade secrets and intellectual property that Folding Light has developed through great effort and expense include, but are not limited to, business plans, confidential and proprietary trading strategies and processes, computer software, a network infrastructure, and a trading platform (the "Platform").

**SCHLOSSBERG ANSWER:** Defendant denies the allegations in paragraph 40.

**ZHANG, PATEL ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40.

41. Folding Light has also expended substantial effort and resources to develop confidential and proprietary relationships that are crucial to its business and its ability to expand its business. These confidential and proprietary relationships are memorialized in customer lists, leads, lists of investors who may be interested in providing capital to Folding Light for trading and access to other financial markets, including exchanges on which Bitcoin, a popular cryptocurrency, is traded. (Together, Folding Light's Platform, business plans, confidential and

proprietary trading strategies, customer lists, leads, lists of investors, and other items referenced herein are referred to in this complaint as the "Trade Secrets").

**SCHLOSSBERG ANSWER:**  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 and, therefore, demands strict proof thereof.  Answering further, Defendant denies that there is any confidential or propriety relationship with a publicly accessible exchange.

**ZHANG, PATEL ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41.

42. Folding Light and its investors spent over $2 million developing and improving the Platform and its other Trade Secrets and setting up the business to conduct trades.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:**  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 and, therefore, demand strict proof thereof.

43. The Platform was developed primarily by Schlossberg and Patel while they were at Folding Light.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:**  Defendants admit that Schlossberg and Patel worked on the Platform while at Folding Light.  Defendants deny all remaining allegations in paragraph 43.

44. Schlossberg began work on the Platform in May 2017. In February 2018, Folding Light retained Patel as an independent contractor to assist Schlossberg in writing software code for the Platform.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants deny paragraph 44 with respect to the date Schlossberg began work on the Platform. Defendants admit that Folding Light retained Patel as an independent contractor in February 2018, to advance work that Schlossberg had begun.

45. The Platform automatically executes certain financial trades based on financial data and an algorithm developed by Folding Light.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants deny the allegations in paragraph 45.

46. The Platform includes trading applications, databases, source code, and the algorithm.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants admit the allegations in paragraph 46, with the clarification that there is not one single algorithm; there are multiple, and Folding Light owns only the portions that were developed with Folding Light capital.

47. Prior to Defendants' theft, the Platform was unique to Folding Light.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants deny each and every allegation in paragraph 47.

48. The Platform is Confidential Information and Intellectual Property pursuant to the LLC Agreement.

**SCHLOSSBERG ANSWER:** Paragraph 48 incorporates legal conclusions and, therefore, no answer is required. Alternatively, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 and, therefore, demands strict proof thereof.

**ZHANG, PATEL ANSWER**: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48.

49. As Intellectual Property and Confidential Information under the LLC Agreement, the Platform and other Trade Secrets are the property of Folding Light.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Paragraph 49 incorporates legal conclusions and, therefore, no answer is required. Alternatively, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 and, therefore, demand strict proof thereof.

50. Folding Light's Trade Secrets were protected through various means including, but not limited to, encrypted passwords, two-factor verification, and limited access to the Platform and its source code.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants deny the allegations in paragraph 50.

51. Additionally, it was Folding Light's policy that the Trade Secrets were not to be disclosed outside of Folding Light.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants deny the allegations in paragraph 51.

52. Schlossberg and Patel had access to the Platform and were the only individuals at Folding Light who had access to, and were permitted to access, the Platform's source code.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants admit that Schlossberg and Patel had access to the Platform, but deny the remaining allegations in paragraph 52.

53. Folding Light's traders also had limited access to the Platform for the purpose of initiating and monitoring trades.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants admit that Folding Light's traders had access to the Platform on the Folding Light computers, but deny the remaining allegations in paragraph 53.

54. The Platform was equipped with proprietary firm trading controls. In order to access the Platform, a person needed a login, password, and to satisfy various multi-factor access controls.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants deny the allegations in paragraph 54.

55. Additionally, the computers in the trading room which contained the Platform were kept under lock and key, and required a key fob to access them, so that access to the Platform was limited only to individuals on a need-to-know basis.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants deny the allegations in paragraph 55. Answering further, Defendants state that all machines could be accessed at all times from inside the Folding Light office.

56. Folding Light's members, managers, and contractors were repeatedly informed, and generally understood, that Folding Light's Confidential Information, Intellectual Property, and other Trade Secrets should not be disclosed to any person outside of Folding Light for any reason.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants deny the allegations in paragraph 56 as to themselves. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as to others and, therefore, demand strict proof thereof.

57. Folding Light's members, managers, and contractors were repeatedly informed, and generally understood, that the Platform and its source code are Folding Light's Confidential Information, Intellectual Property, and a trade secret, and should not be disclosed to any person outside of Folding Light for any reason.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants deny the allegations in paragraph 57 as to themselves. Defendant Schlossberg specifically denies that the source code constitutes Folding Light's intellectual property. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 57 and, therefore, demand strict proof thereof.

58. Folding Light had eleven computers in its trading room that allowed for access to its Intellectual Property and Confidential Information, including the Platform. Access to these

computers was limited to Folding Light's managers, members, and traders on a need-to-know basis. Folding Light's managers, members, and traders could access these computers remotely through an application called TeamViewer, which allowed both on-premises and off-premises access to the computers in the trading room and the Platform. Access to the TeamViewer application was limited on a need-to-know basis to Folding Light's managers, certain members, and its traders.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants deny the allegations in paragraph 58.

59. There were also two Folding Light computers in Schlossberg's office and three other Folding Light computers that Schlossberg used in other locations, all of which were kept under lock and key. Only Schlossberg had access to these computers. Schlossberg also was and is in possession of two Folding Light iPad Pros. These iPad Pros contain the TeamViewer application so that Folding Light could monitor trades around the clock. Through all of these devices, Schlossberg had access to Folding Light's Intellectual Property and Confidential Information.

**SCHLOSSBERG ANSWER:** Defendant admits that he had access to two machines in the trading room at Folding Light. Only two Folding Light computers were assigned to him for use at his home, which were at some point redeployed and are no longer in his possession. Two iPad Pros were assigned to defendant, which he believed had been purchased by defendant Klaas; Defendant is in possession of one, and the other was left at Folding Light's office. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 59 and, therefore, demands strict proof thereof.

**ZHANG, PATEL ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59 and, therefore, demand strict proof thereof.

60. Without Folding Light's eleven computers and the Folding Light devices in Schlossberg's possession, Folding Light cannot access or use its Intellectual Property, Confidential Information and Trade Secrets, including the Platform.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants deny the allegations in paragraph 60. Answering further, Defendants state that all Folding Light Intellectual Property can be accessed by Folding Light, and that Schlossberg's devices do not impact Folding Light's ability to do so.

61. Absent Folding Light being able to access the Platform and other Trade Secrets, Folding Light's trading business is effectively dismantled because Folding Light cannot trade, access its trades, view the trading activity that is taking place, or use its proprietary trading algorithm and strategies.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants deny the allegations in paragraph 61.

## Dispute with Klaas

62. Flagstad and Klaas are also involved in several other business ventures including Two Screens Media, LLC and Oxford Marketing Partners, LLC.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Paragraph 62 is not directed at
Defendants, and Defendants therefore make no response thereto.

63. Flagstad and Klaas are engaged in a dispute over the separation of those, and other,
businesses and ventures.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Paragraph 63 is not directed at
Defendants, and Defendants therefore make no response thereto.

64. Many of those businesses and ventures, along with Folding Light, operated out of the
same shared office space.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants admit that certain other
business of Flagstad and Klaas was operated out of the Folding Light office space, but lack
knowledge or information sufficient to form a belief as to the remaining allegations in paragraph
64.

65. The tenant for Folding Light's office lease is Channel Clarity Holdings, LLC
("Channel Clarity"), an entity that is majority-owned by Flagstad. Channel Clarity has subleased
Folding Light's office space to it.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants lack knowledge or
information sufficient to form a belief as to the allegations in paragraph 65.

66. During the course of their dispute, Klaas, among others, made disparaging statements
regarding Folding Light's management, including Flagstad, to multiple parties, including

Schlossberg and Andrews for the purpose of altering Schlossberg's and Andrews' allegiances to Folding Light and so that Schlossberg and Andrews would remain loyal to Klaas.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 66.

67. On October 23, 2018, Flagstad asked Klaas to leave the shared Channel Clarity/Folding Light offices by October 31, 2018.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 67.

### Terminations

68. In the Spring of 2018, Folding Light purchased $1,000,000 of Class B Membership Interests in HC Tech Group, Inc. ("HC Tech"), a Delaware limited liability company, pursuant to a Supplemental Trading Agreement between the parties. The Supplemental Trading Agreement provided that Folding Light could require HC Tech to repurchase the Class B interests under certain conditions.

**SCHLOSSBERG, ZHANG ANSWER:** Defendants admit the allegations in paragraph 68.

**PATEL ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 68.

69. In late Summer of 2018, Folding Light decided to disengage from HC Tech and require HC Tech to repurchase the Class B interests and, in essence, recover Folding Light's investment.

**SCHLOSSBERG, ZHANG ANSWER:** Defendants deny the allegations in paragraph 69. Answering further, Defendants state that the decision to pull out of HC Tech was made after the Summer of 2018, in connection with the wind down of LLC operations.

**PATEL ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 69.

70. Flagstad directed Andrews and Schlossberg to communicate with HC Tech in order to sell the Class B interests and recover Folding Light's investment.

**SCHLOSSBERG ANSWER:** Defendant denies allegations in paragraph 70. Answering further, Defendant states that Flagstad never instructed him to do anything with respect to HC Tech. Defendant's communications were with Jim Streibich, whom Defendant understood was in the process of securing control of the Folding Light accounts before HC Tech would deposit the subject funds.

**ZHANG, PATEL ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 70.

71. On or about October 5, 2018, Folding Light discovered that Andrews and Schlossberg had done nothing to recover Folding Light's investment from HC Tech.

**SCHLOSSBERG ANSWER:** Defendant denies the allegations in paragraph 71. Answering further, Defendant realleges his answer to paragraph 70, as though fully set forth herein.

**ZHANG, PATEL ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 71.

72. In addition, between August 2018 and October 2018 and thereafter, Schlossberg and Andrews repeated Klaas' disparaging statements regarding Folding Light's management to many more third parties for the purpose of damaging and usurping Folding Light's business relationships with those third parties.

**SCHLOSSBERG ANSWER:** Defendant denies the allegations in paragraph 72.

**ZHANG, PATEL ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 72.

73. On October 29, 2018, Schlossberg and Andrews executed a document proposing to give one another a release on behalf of Folding Light for any prior actions, terminating the restrictive covenants of the LLC Agreement and giving Schlossberg "explicit consent … to use any and all trading strategies and IP he so chooses in any future activity."

**SCHLOSSBERG ANSWER:** Defendant admits the allegations in paragraph 73. Answering further, Defendant states that, in connection with the wind down of LLC operations, he asked Flagstad to issue a release regarding obligations owed to the LLC. Despite satisfying Flagstad's stated prerequisites, Flagstad refused to issue the release. Thereafter, at Jim

31

Streibich's direction, Defendant prepared a mutual release for execution by all members, other than Flagstad. Schlossberg and Andrews were the only members who executed that document.

**ZHANG, PATEL ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 73.

74. On October 31, 2018, Folding Light sent a letter terminating Schlossberg and redeeming his interest in Folding Light. A copy of the Schlossberg termination letter is attached as Exhibit B.

**SCHLOSSBERG ANSWER:** Defendant admits that he received a letter from Folding Light, purporting to effect his termination, dated October 31, 2018, and that Exhibit B to the Complaint appears to be a true and correct copy of that letter.

**ZHANG, PATEL ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 74.

75. The termination letter informed Schlossberg that his engagement as a contractor of Folding Light was terminated immediately. (Ex. B, p. 1).

**SCHLOSSBERG ANSWER:** Defendant states that the referenced document speaks for itself.

**ZHANG, PATEL ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 75.

76. As Schlossberg was terminated, he ceased to be involved in the Company's business and Folding Light executed its right to redemption pursuant to § 6.7(b) of The LLC Agreement. (Id.)

**SCHLOSSBERG ANSWER:** Defendant states admits that, following receipt of the termination letter, Defendant ceased to be involved it the business of Folding Light. The remaining allegations of paragraph 76 require a legal conclusion to which no response is required.

**ZHANG, PATEL ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 76.

77. The termination letter further informed Schlossberg that Folding Light was placing Schlossberg on "garden leave" to provide such services as Folding Light required to secure and protect its assets and intellectual property. (Id. at 1-2).

**SCHLOSSBERG ANSWER:** Defendant states that the referenced document speaks for itself.

**ZHANG, PATEL ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 77.

78. The termination letter demanded that Schlossberg immediately exit the premises but directed that he should not remove his office computer, which was the property of Folding Light. (Id. at 2.)

**SCHLOSSBERG ANSWER:** Defendant states that the referenced document speaks for itself.

**ZHANG, PATEL ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 78.

79. The termination letter also demanded that Schlossberg transmit all Intellectual Property belonging to Folding Light and residing on any computer or server in Schlossberg's home or any other location to Folding Light and then certify the return of Folding Light's property in writing by November 1, 2018. (Id. at 2.)

**SCHLOSSBERG ANSWER:** Defendant states that the referenced document speaks for itself.

**ZHANG, PATEL ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 79.

80. Schlossberg did not return any of Folding Light's property.

**SCHLOSSBERG ANSWER:** Schlossberg denies that he knowingly possesses, or has refused to return, any Folding Light property. Schlossberg does not know who owns the limited property in his possession.

**ZHANG, PATEL ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 80.

81. On October 31, 2018, a similar letter was sent to Andrews, terminating his employment and redeeming his membership interest. A copy of the Andrews termination letter is attached as Exhibit C.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 81.

82. Andrews' termination letter contained the same garden leave and Folding Light property provisions as Schlossberg's termination letter.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 82.

83. As with Schlossberg, Andrews did not return any Folding Light property.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 83.

### Defendants' Post-Termination Actions

84. Immediately following their terminations, Andrews, Schlossberg, and the other Individual Defendants took steps to ensure that they could steal and replicate Folding Light's entire business.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants deny each and every allegation in paragraph 84.

85. To begin, the Individual Defendants continued to access Folding Light's computer network.

**SCHLOSSBERG, ZHANG ANSWER:** Defendants deny the allegations in paragraph 85.

**PATEL ANSWER:** Defendant admits that he accessed a shared network, which Folding Light used; however, he denies that he accessed any Folding Light machines or IP after October 31, 2018.

86. Upon information and belief, Schlossberg and Andrews were able to continue to access Folding Light's computer systems and the Intellectual Property and Confidential Information contained therein after their termination because, as set forth below, they have usurped Folding Light's relationship with Radius IT, Folding Light's IT vendor ("Radius IT"). As Folding Light's IT vendor, Radius IT has the ability to control access to Folding Light's computer systems, thereby permitting Schlossberg and Andrews to access Folding Light's computer systems, Intellectual Property, and Confidential Information and Trade Secrets contained therein.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants deny each and every allegation in paragraph 86.

87. Next, upon information and belief, Klaas, Andrews, and Schlossberg solicited the other Individual Defendants to join them in stealing and replicating Folding Light's entire business.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants deny the allegations in paragraph 87.

88. As described further herein, despite Schlossberg's and Andrews' terminations, Defendants engaged in a conspiracy to access Folding Light's computer system without authorization and to misappropriate Folding Light's Trade Secrets, including the Platform.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants deny the allegations in paragraph 88.

89. Shortly after Schlossberg and Andrews were terminated, Leli and Patel resigned as Folding Light contractors without notice and disappeared. Upon information and belief and as further described herein, Leli and Patel went to work for Bunny Foo Foo Labs in identical or substantially similar positions and/or roles.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants deny the allegations in paragraph 89. Answering further, Defendants state that Leli and Patel were terminated as Folding Light contractors prior to Schlossberg's termination, in connection with the wind down of the LLC.

**Theft of Folding Light Computers**

90. The Individual Defendants then broke in to Folding Light's office to steal Folding Light's property.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants deny the allegations in paragraph 90.

91. During the weekend of November 2 through November 4, 2018, Zhang, Patel, and Leli entered the Folding Light offices.

**SCHLOSSBERG ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 91.

**ZHANG ANSWER:** Defendant admits the allegations in paragraph 91 with respect to himself. Answering further, Zhang states that he entered the Folding Light offices to coordinate the movement of equipment belonging to defendant Kasey Klaas, his employer.

**PATEL ANSWER:** Defendant denies the allegations in paragraph 91 with respect to himself.

92. While at the Folding Light offices, Zhang, Patel, and Leli took the two Folding Light computers in Schlossberg's office without Folding Light's authorization.

**SCHLOSSBERG ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 92.

**ZHANG , PATEL ANSWER:** Defendants deny the allegations in paragraph 92.

93. Zhang, Patel, and Leli then proceeded, without authorization, to erase nearly all data from the eleven Folding Light computers in the trading section of the office, including the Platform and Folding Light's other Intellectual Property, Confidential Information and Trade Secrets, and to reset them to factory settings.

**SCHLOSSBERG ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 93. Answering further, Defendant

38

states that, in connection with the wind down, Folding Light IP was consolidated on a single machine. Upon information and belief, that machine remains at the Folding Light office. Trading computers were deleted as part of a consolidation effort, undertaken before selling hardware at Jim Streibich's request, and done to protect the IP of Folding Light. No code was lost in that organized exercise.

**ZHANG , PATEL ANSWER:** Defendants deny the allegations in paragraph 93.

94. Upon information and belief, Zhang, Patel, and Leli stole the two computers containing Folding Light's Intellectual Property, Confidential Information and Trade Secrets, including the Platform, and erased nearly all data on the rest of the Folding Light computers, at the direction of Klaas, Schlossberg, and Andrews. On information and belief, one or more of Klaas, Schlossberg or Andrews also entered Folding Light's offices during the weekend of November 2 through November 4, 2018, and assisted Zhang, Patel, and Leli with the actions set forth above.

**SCHLOSSBERG ANSWER:** Defendant denies the allegations in paragraph 94 as they pertain to himself. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 94.

**ZHANG, PATEL ANSWER:** Defendants deny the allegations in paragraph 94 as they pertain to themselves. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 94.

.

95. One computer remaining in the Folding Light offices has files related to the Platform, but does not have the user interface required to actually use the Platform.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants deny the allegations in paragraph 95. Answering further, Defendants state that the Folding Light IP (part of the Platform, as defined in the Complaint) can be accessed from the referenced machine, however the Platform cannot be operated exclusively with that IP. A number of third-party applications (including the referenced user interface), which are no longer accessible because Folding Light has not paid its bills, are required to run the Folding Light application.

96. The Platform allows users to place trades and view the trades that have been placed.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants deny the allegations in paragraph 96. Answering further, Defendants state that the Platform developed by Folding Light did not allow users to place orders or view trading. Both functions required third-party applications, which were lost when Folding Light defaulted on the contracts required to maintain those services.

97. In stealing the Platform and erasing nearly all data from Folding Light's computers, Defendants have effectively dismantled Folding Light's business because they have completely cut off the ability of Folding Light to access the Platform and to execute trades.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants deny each and every allegation in paragraph 97.

98. Defendants are now in exclusive control of Folding Light's Intellectual Property, Confidential Information and Trade Secrets, including the Platform, and, upon information and belief, Defendants are using these materials for their own economic advantage.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants deny each and every allegation in paragraph 98. Answering further, Defendants state that Folding Light remains in exclusive possession of all the IP that it funded, and that Defendants are not engaged (individually or collectively) in any competing business.

99. Upon information and belief, Defendants are now using Folding Light's Intellectual Property, Confidential Information and Trade Secrets to start and conduct their own business, Bunny Foo Foo Labs, which is a direct competitor of Folding Light and is identical to Folding Light, and to siphon business from Folding Light to this new business.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants deny each and every allegation in paragraph 99. Answering further, Defendants state that Folding Light remains in exclusive possession of all the IP that it funded, and that Defendants are not engaged (individually or collectively) in any competing business.

100. During the weekend of November 2 through November 4, 2018, Klaas entered Channel Clarity's offices and took some of Folding Light's office furniture. Additionally, during that weekend, Klaas and/or one or more of the Individual Defendants took Folding Light's televisions, collectible artwork, and wine without permission.

**SCHLOSSBERG ANSWER:**  Defendant denies the allegations in paragraph 100 as they pertain to himself.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 100.

**ZHANG ANSWER:**  Defendant denies the allegations in paragraph 100 as they pertain to himself.  Answering further, Zhang states that he organized the movers that defendant Klaas hired to move those items specified by Klaas, which Zhang understood belonged to Klaas.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 100.

**PATEL ANSWER:**  Defendant denies the allegations in paragraph 100 as they pertain to himself.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 100.

101. Folding Light has demanded several times that Klaas and/or Defendants return to Folding Light any and all of its property, including without limitation its Intellectual Property, Confidential Information, Trade Secrets, and other property.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:**  Defendants deny the allegations in paragraph 101.  Answering further, Schlossberg states that limited communications have occurred, post-October 2018, between Schlossberg's counsel and Folding Light's prior counsel – who currently represents Flagstad, individually, in Flagstad's Chancery Court litigation against defendant Klaas.  Schlossberg's counsel explained that the Platform could not be run because all the third-party data and applications were lost when Folding Light had defaulted on the bills for data, applications, and environments that supported the Platform.  Schlossberg, via counsel,

offered to walk them through the IP at Folding Light's office. Folding Light's prior counsel never accepted Schlossberg's offer to do so.

102. Defendants have refused to return Folding Light's Intellectual Property, Confidential Information, Trade Secrets, and other property.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants deny the allegations in paragraph 102. Answering further, Defendants do not believe they are in possession of any Folding Light Intellectual Property, Confidential Information, Trade Secrets, or other property and have never refused to return anything. On information and belief, Folding Light's Intellectual Property remains in Folding Light's possession.

### HC Tech

103. The Individual Defendants also interfered with Folding Light's business and investor relationships and Folding Light's access to capital.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants the allegations in paragraph 103 as it pertains to themselves. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 103.

104. On or about November 6, 2018, Sterioti contacted HC Tech to request the repurchase by HC Tech of the Class B interests described above,

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 104.

105. In subsequent discussions, HC Tech informed Folding Light that Andrews had contacted HC Tech and told it not to return the money used to purchase the Class B interests to Folding Light

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 105.

106. HC Tech also told Folding Light that Andrews told HC Tech to return the money to Andrews himself.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 106.

107. When Folding Light confronted Andrews regarding his interference, Andrews responded that "the most efficient use of everyone's time would be for you and Kasey to speak ASAP."

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 107.

108. Eventually, despite Andrews' efforts to interfere with the return of Folding Light's investment in HC Tech, HC Tech agreed to return the money to Folding Light in three installment payments.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 108.

**Defendants Continue to Interfere with
Folding Light's Access to Capital, Financing, and Markets**

109.  In February 2018, Folding Light retained Zhang as an independent contractor. Zhang's roles and responsibilities included serving as the Chief Operations Officer for Folding Light. In that position, Zhang was responsible for managing and developing relationships with various trading exchanges as well as leading product development and project management of the Platform.

**SCHLOSSBERG, ZHANG ANSWER:**  Defendants admit that defendant Zhang was retained as an independent contractor in February 2018, primarily to support the advertising business of Flagstad and Klaas.  Zhang functioned as COO for Flagstad's and Klaas' advertising business and became the de facto COO for Folding Light, which represented a small portion of his time.  In that capacity, Zhang managed vendor relationships but was never responsible for leading product development or project management of the Platform.  Defendants deny all remaining allegations in paragraph 109.

**PATEL ANSWER:**  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 109.

110. One of Folding Light's lines of trading business was trading on cryptocurrency futures exchanges.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:**  Defendants admit that Folding Light did a small amount of Bitcoin trading.  Answering further, Defendants state that crypto trading was ultimately not viable due to issues relating to exchange technology, liquidity and exchange pricing models.

111. In connection with Folding Light's trading business, through the expenditure of substantial time, money, and other resources, Folding Light developed a relationship with Bill and Brooke Mallers, the ("Mallers"). The Mallers own a large amount of cryptocurrency, including Bitcoin.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants admit that Folding Light was introduced to the Mallers Family, owners of cryptocurrency, by Peter Keenan. Keenan was hired in a Folding Light Bitcoin subsidiary. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 111.

112. Zhang was involved in developing Folding Light's relationship with the Mallers.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** The Defendants deny the allegation found in paragraph 112.

113. Eventually, the Mallers and Folding Light entered into an arrangement where the Mallers lent Folding Light Bitcoin so that Folding Light could trade those Bitcoin.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** The Defendants admit the allegations in paragraph 113.

114. In February 2018, the Mallers lent Folding Light 10 Bitcoin.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** The Defendants admit the allegation in paragraph 114.

115. In March 2018, the Mallers lent Folding Light 290 Bitcoin.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** The Defendants admit the allegation in paragraph 115.

116. As Andrews, Schlossberg and Zhang knew, Folding Light's relationship with the Mallers was critical to its future business plans.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 116.

117. On information and belief, prior to Folding Light placing Andrews and Schlossberg on "garden leave", one or more of Klaas, Schlossberg, Andrews, Zhang, and Patel flew to visit the Mallers on at least two occasions. During these visits, one or more of Klaas, Schlossberg, Andrews, Zhang, and Patel falsely and maliciously disparaged Folding Light's management, including Flagstad, to the Mallers as part of their planned efforts to dismantle Folding Light's business and to secure access to Bitcoins from the Mallers family for their own use. The purpose of Klaas', Schlossberg's, Andrews', Zhang's, and/or Patel's visits to the Mallers family was to induce them to stop doing business with Folding Light and to do business with Defendants instead.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants deny the allegations in paragraph 117 as it pertains to themselves. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 117.

118. As a result of Defendants' meeting with the Mallers, Folding Light has been prevented from conducting further business with the Mallers.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 118.

119. Defendants interference did not stop with HC Tech and the Mallers. On information and belief, Defendants met with nearly every company and individual that did or had done business with Folding Light and made disparaging comments regarding Folding Light's management for the express purpose of damaging those companies' and individuals' relationships with Folding Light and inducing those companies and individuals into doing business with Defendants instead of Folding Light.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants deny the allegations in paragraph 119 as it pertains to themselves. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 119.

**Defendants' Interference with Folding Light's IT Vendor**

120. Defendants also interfered with Folding Light's IT vendor.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants deny the allegation in paragraph 120 as it pertains to themselves. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 120.

121. Folding Light contracted with an information technology firm known as Radius IT. Radius IT and its employee, Tim Hicks, helped Folding Light to maintain its network of servers and personal computers.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants admit to the allegations in paragraph 121.

122. Following defendants' departure from Folding Light and theft of Folding Light's computers and data, Flagstad contacted Radius IT on behalf of Folding Light to ask for its help in restoring its network and accessing its Platform so that it could view outstanding and future trades and continue its work.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants deny the allegations in paragraph 122 as it pertains to themselves. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 122.

123. Although Flagstad asked for help from Radius IT and Tim Hicks on several occasions, they have never responded.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 123.

124. Upon information and belief, Radius IT did not respond because they were improperly instructed not to do so by Defendants Klaas, Schlossberg and Andrews.

**SCHLOSSBERG ANSWER:** Defendant denies the allegations in paragraph 124 as it pertains to himself. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 124.

**ZHANG, PATEL ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 124.

125. Upon information and belief, Radius IT continues to work with Defendants Klaas, Schlossberg and Andrews to help them to utilize the Platform and to perform trades that otherwise would have been performed by Folding Light.

**SCHLOSSBERG ANSWER:** Defendant denies the allegations in paragraph 125 as it pertains to himself. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 125.

**ZHANG, PATEL ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 125.

### Defendants' Continued Business

126. Upon information and belief, in November 2018, Klaas, Schlossberg, Andrews, Zhang, Patel, and Leli began sharing an office space and using the office furniture that Defendants took from Folding Light without authorization and for their own benefit.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants admit that, in November 2018, and for a period of time thereafter, they shared office space at 401 West Superior as employees for Klaas at Bunny Foo Foo Labs. Answering further, Defendants state, upon information and belief, that Klaas owns the furniture used at Bunny Foo Foo Labs. Defendants deny the remaining allegations in paragraph 126 as it pertains to themselves.

127. Upon information and belief, Klaas, Schlossberg, Andrews, Zhang, Patel, and Leli knowingly and actively participated in the decision to steal Folding Light computers, erase nearly all data from the rest of Folding Light's computers, and take control of Folding Light's Intellectual Property, Confidential Information and Trade Secrets.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants deny the allegations in paragraph 127 as it pertains to themselves. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 127.

128. Upon information and belief, Klaas, Schlossberg, Andrews, Zhang, Patel, and Leli are currently in control of and using for their own benefit Folding Light's Intellectual Property, Confidential Information and Trade Secrets.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants deny the allegations in paragraph 127 as it pertains to themselves.

129. Upon information and belief, Klaas, Schlossberg, Andrews, Zhang, Patel, and Leli, have used the Intellectual Property, Confidential Information, and Trade Secrets they stole, including the Platform, to form a business nearly identical to Folding Light.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants deny the allegations in paragraph 129 as it pertains to themselves.

130. Upon information and belief, that business is operating under the name Bunny Foo Foo Labs.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants deny the allegations in paragraph 130.

131. Bunny Foo Foo Labs was organized under the laws of Delaware on October 9, 2018.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 131.

132. On information and belief, Bunny Foo Foo Labs is owned and/or controlled by Klaas and one or more of the Individual Defendants.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants deny the allegation in paragraph 132 as it pertains to themselves. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 132.

133. Upon information and belief, Klaas, Andrews and Schlossberg solicited Patel, Leli and Zhang to work with them in their new, competing business.

**SCHLOSSBERG ANSWER:** Defendant denies the allegation in paragraph 133 as it pertains to himself. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 133.

**ZHANG, PATEL ANSWER:** The Defendants deny to the allegation found in paragraph 133.

134. Upon information and belief, Klaas, Andrews and Schlossberg actively solicited investments from Investors and Potential Investors of Folding Light, as defined in Section 6.5(a) of the LLC Agreement.

**SCHLOSSBERG ANSWER:** Defendant denies the allegations in paragraph 134 as it pertains to himself. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 134.

**ZHANG, PATEL ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 134.

135. Repeated requests for information regarding the current relationship between Klaas, Andrews, Schlossberg and the remaining defendants have been met with silence.

**SCHLOSSBERG ANSWER:** Defendant denies the allegation in paragraph 135 as it pertains to himself. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 135.

**ZHANG, PATEL ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 135.

**The Result of Defendants' Illegal Conduct**

136. Because of Defendants' illegal conduct, Folding Light has effectively been shuttered. It has lost all its valuable assets, had its relationships damaged or destroyed, and has been left without the means even of re-starting under new management or with new traders because, as the result of Defendants' acts, Folding Light cannot access or utilize its Trade

Secrets, Confidential Information, or Intellectual Property, and has been denied access to capital and customers.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants deny each and every allegation in paragraph 136 as it pertains to themselves. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 136.

## Count I

## Computer Fraud and Abuse Act
### (All Defendants)

137. Plaintiff realleges and incorporates by this reference as if fully set forth herein the allegations in paragraphs 1 through 136.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants repeat and incorporate their answers to all of the preceding allegations in Paragraphs 1-136 as though set forth fully in their response to paragraph 137.

138. The Computer Fraud and Abuse Act, 18 U.S.C. § 1030 (the "CFAA"), forbids "intentionally access[ing] a computer without authorization or exceed[ing] authorized access, and thereby obtain[ing] information from any protected computer." 18 U.S.C. § 1030(a)(2)(C).

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** The allegations in Paragraph 138 state legal conclusions to which no answer is required.

139. The CFAA also forbids "knowingly and with intent to defraud, access[ing] a protected computer without authorization, or exceed[ing] authorized access, and by means of such conduct further[ing] the intended fraud and obtain[ing] anything of value, unless the object

of the fraud and the thing obtained consists only of the use of the computer and the value of such use is not more than $ 5,000 in any 1-year period." 18 U.S.C. § 1030(a)(4).

**SCHLOSSBERG, ZHANG, PATEL ANSWER:**  The allegations in Paragraph 139 state legal conclusions to which no answer is required.

140. The CFAA further forbids "intentionally access[ing] a protected computer without authorization, and as a result of such conduct, caus[ing] damage and loss." 18 U.S.C. § 1030(a)(5)(A). 141. The CFAA defines "protected computer", in pertinent part, as "a computer . . . which is used in or affecting interstate or foreign commerce or communication." 18 U.S.C. § 1030(e)(2)(B). 142. The CFAA provides for "a civil action against the violator to obtain compensatory damages and injunctive relief or other equitable relief." 18 U.S.C. § 1030(g).

**SCHLOSSBERG, ZHANG, PATEL ANSWER:**  The allegations in Paragraph 140 state legal conclusions to which no answer is required.

141. The CFAA defines "protected computer", in pertinent part, as "a computer . . . which is used in or affecting interstate or foreign commerce or communication." 18 U.S.C. § 1030(e)(2)(B).

**SCHLOSSBERG, ZHANG, PATEL ANSWER:**  The allegations in Paragraph 141 state legal conclusions to which no answer is required.

142. The CFAA provides for "a civil action against the violator to obtain compensatory damages and injunctive relief or other equitable relief." 18 U.S.C. § 1030(g).

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** The allegations in Paragraph 142 state legal conclusions to which no answer is required.

143. The computers at issue are protected computers under the CFAA because were used in interstate commerce and communication through financial trading.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** The allegations in Paragraph 143 state legal conclusions to which no answer is required.

144. In concert and in a conspiracy with Defendants as set forth herein, Patel and Leli and, on information and belief, one or more of Klaas, Schlossberg, Andrews, or Zhang, accessed Folding Light's offices to steal computers containing trade secrets and copyrighted information, including the Platform, and to destroy the remaining copies of the Platform.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants deny each and every allegation in paragraph 144 as it pertains to themselves. Defendants lack knowledge or information sufficient to determine the truth of the remaining allegations in paragraph 144.

145. Defendants were not authorized to steal and subsequently gain access to Folding Light's computers or information on them, including the Platform.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants deny that they stole or accessed Folding Light's computers or IP. Defendants lack knowledge or information sufficient to determine the truth of the remaining allegations in paragraph 145.

146. Defendants were also not authorized to access Folding Light computers in order to delete the trading software off of the remaining Folding Light computers.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants deny that they accessed Folding Light computers to engage in the unauthorized deletion of trading software. Answering further, Defendants state that any deletion of trading software was limited to the planned consolidation undertaken as the LLC was wound down, to prepare equipment for sale at Jim Streibich's direction. All trading software was consolidated on one Folding Light computer that, upon information and belief, remains exclusively in Folding Light's possession. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 146.

147. Defendants accessed Folding Light's computers to steal the Platform and render the computers, network and Platform inoperable with the intent to obtain Folding Light's Trade Secrets, Confidential Information, and Intellectual Property, to further a fraud, and to damage the data on Folding Light's computers by deleting it or rendering it inoperable.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants deny each and every allegations in paragraph 147 as it pertains to themselves. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 147.

148. Folding Light has spent over $2 million in creating the Platform at issue, and the deletion of the Platform caused a loss in value of over $5,000 because Defendants, through their actions, intended to prevent and have actually prevented Folding Light from operating as a going concern.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants deny the allegations in paragraph 148 as they pertain to any conduct on their part. Defendants lack knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in paragraph 146.

149. Folding Light has also lost access to their Trade Secrets, Confidential Information, and Intellectual Property, including the Platform, because Defendants' actions have rendered Folding Light's computers, network and Platform inoperable.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants deny the allegations in paragraph 149. Answering further, Defendants state that any inoperability is the result of the planned wind down and Folding Light's default on third-party contracts.

150. Defendants' unauthorized access and theft of the computers and the Trade Secrets, Confidential Information, and Intellectual Property contained thereon, including the Platform, has caused and is causing irreparable harm to Folding Light, for which it has no adequate remedy at law. Unless this Court restrains Defendants from accessing the computers and the Trade Secrets, the harm will continue to occur in the future. Accordingly, Folding Light is entitled to both a preliminary and a permanent injunction.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants deny the allegations in paragraph 150 as to any conduct on their part, and as to the allegation that Folding Light has suffered irreparable harm. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 150.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment on Count I in its favor and against Defendants Kasey Klaas, Jon Schlossberg, Matthew Andrews, Rizwan Patel, Matthew Leli, Peter Zhang and Bunny Foo Foo Labs, LLC and enter an order:

A. Entering a preliminary and permanent injunction against Defendants and persons or entities within their control from using, copying, disclosing or otherwise making the Trade Secrets, Confidential Information and Intellectual Property available to any third-party and from doing business using any of the foregoing;

B. Ordering Defendants and persons or entities within their control to return any and all copies of Folding Light's Trade Secrets, Confidential Information, Intellectual Property including but not limited to the Platform, any derivative works, and Folding Light's computers and other property;

C. Awarding actual damages and Defendants' profits to Folding Light;

D. Awarding statutory pre- and post-judgment interest on all amounts awarded; and

E. Providing for such other or further relief allowable under the Computer Fraud and Abuse Act and as the Court deems just and equitable.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants deny that Plaintiff is entitled to any of the relief requested in Count I.

## Count II

### Misappropriation of Trade Secrets – Defend Trade Secrets Act
### (All Defendants)

151. Plaintiff realleges and incorporates by this reference as if fully set forth herein the allegations in paragraphs 1 through 150.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:**  Defendants repeat and incorporate their answers to the preceding allegations in Paragraphs 1-150 as though forth fully in their response to Paragraph 151.

152. The Defend Trade Secrets Act, 18 U.S.C. § 1836 et seq., provides that "[a]n owner of a trade secret that is misappropriated may bring a civil action under this subsection if the trade secret is related to a product or service used in, or intended for use in, interstate or foreign commerce." 18 U.S.C. § 1836(a).

**SCHLOSSBERG, ZHANG, PATEL ANSWER:**  The allegations in paragraph 152 state legal conclusions to which no answer is required.

153. Folding Light is the owner of the Trade Secrets, including the Platform.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:**  Defendants admit that Folding Light owns Trade Secrets developed exclusively by Folding Light during the relevant time frame.  In the aggregate , this includes the base architecture for external data sources, order management, execution management, and implementation of the UST trades, and an intra-day signal trader. Defendants deny that Folding Light owns the UST trade thesis, the ES trade thesis, the ES trade code, or any of the third- party applications that were incorporated into Folding Light's trading application.

154. Folding Light's Trade Secrets were used in, and intended for use in, interstate and foreign commerce because they were used to trade securities and commodities in national and international markets.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:**  Defendants deny the allegations in paragraph 154.  Answering further, Defendants state that they did no trading of any securities or commodities using any FL trade secrets.

155. Folding Light's Trade Secrets, including the Platform, are confidential trade secrets from which Folding Light derives independent economic value because they are not generally known to the public or other persons who could obtain economic value from their disclosure or use.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:**  Defendants deny the allegations in paragraph 155.  Answering further, Defendants state that, to the extent the application contained any confidential trade secrets not known to the general public, those trade secrets do not belong to Folding Light and were never the source of independent economic value for Folding Light.

156. Folding Light has taken and continues to undertake reasonable efforts to maintain the confidentiality, secrecy, and proprietary nature of the Platform and its other Trade Secrets.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:**  Defendants deny the allegations in paragraph 156.

157. Defendants have willfully misappropriated and used the Trade Secrets, including the Platform, for their own benefit and to Folding Light's detriment.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants the allegations in paragraph 157 as they pertain to themselves. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 157 as they pertain to the other defendants.

158. Defendants acquired the Trade Secrets, including the Platform, through improper means.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants deny the allegations in paragraph 158 as they pertain to themselves. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 158 as they pertain to the other defendants.

159. Defendants' misappropriation and use of the Trade Secrets for their own benefit and to Folding Light's detriment has caused and continues to cause Folding Light to suffer damages and irreparable injury, as set forth herein.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants deny the allegations in paragraph 159 as they pertain to their conduct. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 159 as they pertain to the other defendants.

160. Defendants' misappropriation and use of the Trade Secrets is willful and malicious entitling Folding Light to an award of exemplary damages under the Defend Trade Secrets Act.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants deny the allegations in paragraph 160 as they pertain to their conduct. Defendants lack knowledge or information

sufficient to form a belief as to the truth of the allegations in paragraph 160 as they pertain to the other defendants.

161. Defendants' misappropriation and use of the Trade Secrets has caused and will continue to cause Folding Light to suffer irreparable and substantial harm, therefore it cannot be fully redressed through damages alone. Accordingly, Folding Light is entitled to an injunction prohibiting Defendants from further use or disclosure of the Trade Secrets.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants deny the allegations in paragraph 161 as they pertain to their conduct. Answering further, Defendants deny that Folding Light has suffered irreparable harm. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 161 as they pertain to the other defendants.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment on Count II in its favor and against Defendants Kasey Klaas, Jon Schlossberg, Matthew Andrews, Rizwan Patel, Matthew Leli, Peter Zhang and Bunny Foo Foo Labs, LLC and enter an order:

A. Entering a preliminary and permanent injunction against Defendants and persons or entities within their control from using, copying, disclosing or otherwise making the Trade Secrets, Confidential Information and Intellectual Property available to any third-party and from doing business using any of the foregoing;

B. Ordering Defendants and persons or entities within their control to return any and all copies of Folding Light's Trade Secrets and Confidential Information including but not

limited to the Platform, any derivative works, and Folding Light's computers and other property;

C. Awarding actual damages and Defendants' profits to Folding Light;

D. Awarding damages based upon the unjust enrichment to Defendants based upon their willful and malicious conduct;

E. Awarding punitive or exemplary damages to Folding Light for Defendants' willful and malicious misappropriation, use, and disclosure of Folding Light's trade secrets;

F. Awarding statutory pre- and post-judgment interest on all amounts awarded; and

G. Providing for such other or further relief as appropriate under the Defend Trade Secrets Act and as the Court deems just and equitable.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants deny that Plaintiff is entitled to any of the relief requested in Count II.

## Count III

### Misappropriation of Trade Secrets – Illinois Trade Secrets Act
### (All Defendants)

162. Plaintiff realleges and incorporates by this reference as if fully set forth herein the allegations in paragraphs 1 through 161.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants repeat and incorporate their answers to all of the preceding allegations in Paragraphs 1-161 as though set forth fully in their response to Paragraph 162.

163. Pursuant to the Illinois Trade Secrets Act, 765 ILCS 1065/1 et seq. (the "ITSA"), a trade secret is "information, including but not limited to, technical or non-technical data, a formula, pattern, compilation, program, device, method, technique, drawing, process, financial data, or list of actual or potential customers or suppliers, that: (1) is sufficiently secret to derive economic value, actual or potential, from not being generally known to other persons who can obtain economic value from its disclosure or use; and (2) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy or confidentiality." 765 ILCS 1065/2(d).

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** The allegations in paragraph 163 state legal conclusions to which no answer is required.

164. "Misappropriation," in pertinent part, is defined as "acquisition of a trade secret of a person by another person who knows or has reason to know that the trade secret was acquired by improper means." 765 ILCS 1065/2(b)(1).

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** The allegations in paragraph 164 state legal conclusions to which no answer is required.

165. "Improper means" is defined as including "theft, bribery, misrepresentation, breach or inducement of a breach of a confidential relationship or other duty to maintain secrecy or limit use, or espionage through electronic or other means." 765 ILCS 1065/2(a)

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** The allegations in paragraph 165 state legal conclusions to which no answer is required.

166. Pursuant to the ITSA "actual or threatened misappropriation may be enjoined." 765 ILCS 1065/3(a).

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** The allegations in paragraph 166 state legal conclusions to which no answer is required.

167. Pursuant to the ITSA "a person is entitled to recover damages for misappropriation" which "can include both the actual loss caused by misappropriation and the unjust enrichment caused by misappropriation that is not taken into account in computing actual loss." 765 ILCS 1065/4(a).

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** The allegations in paragraph 167 state legal conclusions to which no answer is required.

168. Further "[i]f neither damages nor unjust enrichment caused by the misappropriation are proved by a preponderance of the evidence, the court may award damages caused by misappropriation measured in terms of a reasonable royalty for a misappropriator's unauthorized disclosure or use of a trade secret." Id.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** The allegations in paragraph 168 state legal conclusions to which no answer is required.

169. Additionally, "[i]f willful and malicious misappropriation exists, the court may award exemplary damages in an amount not exceeding twice any award made under subsection (a)." 765 ILCS 1065/4(b).

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** The allegations in paragraph 169 state legal conclusions to which no answer is required.

170. The Trade Secrets, including the Platform, are sufficiently secret to derive actual or potential value from not being generally known to others who can obtain economic value from their disclosure or use, and Folding Light does derive actual and potential economic value from the secrecy of the Trade Secrets.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants deny the allegations in paragraph 170. Answering further, Defendants state that, to the extent the application contained any confidential trade secrets not known to the general public, those trade secrets do not belong to Folding Light and were never the source of independent economic value for Folding Light.

171. Folding Light undertook reasonable efforts under the circumstances to maintain the secrecy and confidentiality of the Trade Secrets.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants deny the allegations in paragraph 171.

172. Folding Light's Trade Secrets, including the Platform, and the secrecy of the Trade Secrets, provide Folding Light with a competitive advantage in the marketplace.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants deny the allegations in paragraph 172.

173. Accordingly, the Platform and other Trade Secrets are protected by ITSA.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** The allegations in paragraph 173 state legal conclusions to which no response is required.

174. Defendants misappropriated Folding Light's Trade Secrets through unlawful means by stealing computers that contained the Platform and other Trade Secrets from Folding Light's office, erasing nearly all data on Folding Light's other computers and rendering them inoperable, and refusing to return other Folding Light computers that contain the Trade Secrets.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants deny the allegations in paragraph 174 as they pertain to their conduct. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 174 as they pertain to the other defendants.

175. Defendants' misappropriation of Folding Light's Trade Secrets was willful and malicious because Defendants intentionally stole computers containing the Platform and other Trade Secrets for their own personal gain and erased nearly all data from the remaining computers, rendering them unusable.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants deny the allegations in paragraph 175 as they pertain to their conduct. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 175 as they pertain to the other defendants.

176. Defendants' theft of the Trade Secrets has caused and is causing irreparable harm to Folding Light, for which it has no adequate remedy at law because Folding Light is wholly unable to conduct its business or operate because it has been deprived of use of the Platform and

the other Trade Secrets. Unless this Court restrains Defendants from using and disclosing Folding Light's trade secrets, the harm will continue to occur in the future. Accordingly, Folding Light is entitled to injunctive relief.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** The allegations in paragraph 176 state legal conclusions to which no response is required. Answering further, Defendants deny that Folding Light has been deprived of use of the Platform, or that Folding Light has suffered irreparable harm.

177. Because Defendants' misappropriation of Folding Light's Trade Secrets was willful and malicious, Folding Light is entitled to an award of attorneys' fees pursuant to Section 5 of ITSA. 765 ILCS 1065/5.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** The allegations in paragraph 177 state legal conclusions to which no response is required. Answering further, Defendants deny the allegations with respect to their conduct.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment on Count III in its favor and against Defendants Kasey Klaas, Jon Schlossberg, Matthew Andrews, Rizwan Patel, Matthew Leli, Peter Zhang, and Bunny Foo Foo Labs, LLC and enter an order:

A. Entering a preliminary and permanent injunction against Defendants and persons or entities within their control from using, copying, disclosing or otherwise making the Trade Secrets, Confidential Information and Intellectual Property available to any third-party and from doing business using any of the foregoing;

B. Ordering Defendants and persons or entities within their control to return any and all copies of Folding Light's Trade Secrets and Confidential Information including but not limited to the Platform, any derivative works, and Folding Light's computers and other property;

C. Awarding actual damages and Defendants' profits to Folding Light;

D. Awarding punitive or exemplary damages to Folding Light for Defendants' willful and deliberate misappropriation, use, and disclosure of Folding Light's trade secrets;

E. Award Folding Light its reasonable attorneys' fees and costs incurred as a result of Defendants' willful misappropriation of its trade secrets;

F. Awarding statutory pre- and post-judgment interest on all amounts awarded; and

G. Providing for such other or further relief as provided for in ITSA or as the Court deems just and equitable.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants deny that Plaintiff is entitled to any of the relief requested in Count III.

## Count IV

### Conversion—Platform
### (All Defendants)

178. Plaintiff realleges and incorporates by this reference as if fully set forth herein the allegations in paragraphs 1 through 177.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants repeat and incorporate their answers to all of the preceding allegations in Paragraphs 1-177 as thought set forth fully in their response to Paragraph 178.

179. Pursuant to The LLC Agreement §§ 6.6(b)-(c), the Trade Secrets, including the Platform, are the intellectual property of Folding Light.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** The allegations in paragraph 179 state legal conclusions to which no response is required.

180. The computers stolen from Folding Light's office and other tangible property remaining in Defendants' possession are also the property of Folding Light.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants deny that computers were stolen from Folding Light's office. Answering further, Defendants do not believe they possess any tangible or intangible property belonging to Folding Light.

181. The Trade Secrets, Confidential Information, and Folding Light's other Intellectual Property were stolen by Defendants through theft of Folding Light's computers.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants deny the allegations in paragraph 181 with respect to their conduct. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 181 as they pertain to the other Defendants.

182. By stealing the Trade Secrets, Confidential Information, including the Platform, Folding Light's computers, its other tangible property, and its other Intellectual Property, and by

refusing to return these items remaining in Defendants' possession, Defendants wrongfully and without authorization assumed control, dominion, or ownership over Folding Light's Trade Secrets and Confidential Information, including the Platform, Folding Light's computers, its other tangible property, and its other Intellectual Property.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants deny the allegations in paragraph 182 with respect to their conduct. Answering further, Defendants do not believe they possess any tangible or intangible property belonging to Folding Light, and have never refused return of same. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 182 as they pertain to the other Defendants.

183. Folding Light has an unconditional and absolute right to the Trade Secrets and Confidential Information, including the Platform, the stolen computers, the stolen other tangible property, and its other Intellectual Property, remaining in Defendants' possession, and to their return.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants deny the allegations in paragraph 183.

184. Folding Light has demanded, including in Schlossberg's and Andrews' termination letters, the return of the Trade Secrets and Confidential Information, including the Platform, the stolen computers, the stolen other tangible property, and its other Intellectual Property remaining in Defendants' possession.

**SCHLOSSBERG ANSWER:** Defendant admits receiving a termination letter that included a demand that he return computers, tangible property and other intellectual property.

Answering further, Defendant does not believe he is in possession of any Folding Light property, tangible or intangible. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 184 as they pertain to the other Defendants.

**ZHANG, PATEL ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 184.

185. Despite Folding Light's demands, Defendants have and continue to wrongfully and without authorization assume control over the Trade Secrets and Confidential Information, the Platform, the stolen computers, the stolen other tangible property, and Folding Light's other Intellectual Property remaining in Defendants' possession.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants deny the allegations in paragraph 185 as they pertain to their conduct. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 185 as they pertain to the other Defendants.

186. As a result of Defendants' refusal to return Folding Lights property, Folding Light has suffered damages in the form of lost ability to control and exploit its own Intellectual Property and Trade Secrets and in the form of the value of the tangible property in Defendants' possession.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants deny the allegations in paragraph 186 as they pertain to their conduct. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 186 as they pertain to the other Defendants.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment on Count IV in its favor and against Defendants Kasey Klaas, Jon Schlossberg, Matthew Andrews, Rizwan Patel, Matthew Leli, Peter Zhang and Bunny Foo Foo Labs, LLC and enter an order:

A. Awarding Plaintiff the compensatory and consequential damages resulting from the acts complained of in this Count IV, in amounts to be determined at trial;

B. Awarding Plaintiff punitive damages as a result of Defendants' willful and malicious conduct;

C. Awarding statutory pre- and post-judgment interest on all amounts awarded; and

D. Providing for such other or further relief as the Court deems just and equitable.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants deny that Plaintiff is entitled to any of the relief requested in Count IV.

### Count V

### Conversion—Office Furniture
### (Defendant Klaas)

188. Klaas took office furniture from Folding Light's offices without permission of Folding Light.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants Schlossberg, Zhang and Patel make no response to the allegations in paragraph 188, as Count V of the Complaint is not directed to these Defendants.

189. Folding Light has an unconditional and absolute right to the office furniture.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants Schlossberg, Zhang and Patel make no response to the allegations in paragraph 189, as Count V of the Complaint is not directed to these Defendants.

190. Folding Light has demanded the return of the office furniture.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants Schlossberg, Zhang and Patel make no response to the allegations in paragraph 190, as Count V of the Complaint is not directed to these Defendants.

191. Despite Folding Light's demands, Klaas has and continues to wrongfully and without authorization assume control over the office furniture.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants Schlossberg, Zhang and Patel make no response to the allegations in paragraph 191, as Count V of the Complaint is not directed to these Defendants.

192. By taking Folding Light's office furniture and refusing to return it, Klaas wrongfully and without authorization assumed control, dominion, or ownership over the office furniture.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants Schlossberg, Zhang and Patel make no response to the allegations in paragraph 192, as Count V of the Complaint is not directed to these Defendants.

193. As a result of Klaas' refusal to return Folding Lights property, Folding Light has suffered damages in the form of lost ability to control and use its office furniture and in the form of the value of the tangible property in Defendants' possession.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants Schlossberg, Zhang and Patel make no response to the allegations in paragraph 193, as Count V of the Complaint is not directed to these Defendants.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment on Count V in its favor and against Defendant Kasey Klaas and enter an order:

A. Awarding Plaintiff the compensatory and consequential damages resulting from the acts complained of in this Count V, in amounts to be determined at trial;

B. Awarding Plaintiff punitive damages as a result of Defendant's willful and malicious conduct;

C. Awarding statutory pre- and post-judgment interest on all amounts awarded; and

D. Providing for such other or further relief as the Court deems just and equitable.

### Count VI

### Breach of Contract
### (Defendant Schlossberg)

194. Plaintiff realleges and incorporates by this reference as if fully set forth herein the allegations in paragraphs 1 through 193.

**SCHLOSSBERG ANSWER:** Defendant repeats and incorporates his answers to all of the preceding allegations in Paragraphs 1-193 as though set forth fully in his response to Paragraph 194.

**ZHANG, PATEL ANSWER:** Defendants Zhang and Patel make no response to the allegations in paragraph 194, as Count VI of the Complaint is not directed to these Defendants.

195. The LLC Agreement is a valid contract entered into, among others, by Schlossberg.

**SCHLOSSBERG ANSWER:** The allegations in paragraph 195 state a legal conclusion to which no response is required. Answering further, Defendant admits that he is a party to the LLC Agreement.

**ZHANG, PATEL ANSWER:** Defendants Zhang and Patel make no response to the allegations in paragraph 195, as Count VI of the Complaint is not directed to these Defendants.

196. Folding Light performed all of its obligations under the LLC Agreement

**SCHLOSSBERG ANSWER:** Defendant denies the allegations in paragraph 196.

**ZHANG, PATEL ANSWER:** Defendants Zhang and Patel make no response to the allegations in paragraph 196, as Count VI of the Complaint is not directed to these Defendants.

197. Under the LLC Agreement, Schlossberg agreed to not disclose Folding Light's confidential information:

Each Member therefore agrees that for so long as he is a Member, and for the longest period of time permitted by law thereafter, such Member shall (i) not, without the prior written consent of the other Member, directly or indirectly use, copy or duplicate, or

disclose or otherwise make available to any third party, any Confidential Information (as defined below) other than in the performance such Member's duties with respect to the Company, (ii) take such protective measures as may be reasonably necessary to preserve the secrecy and interest of the Company in the Confidential Information, and (iii) not, without the prior written consent of the other Member, utilize or convert Confidential Information for such Member's own benefit or gain, of whatever nature other than (x) in performance of such Member's duties to the Company (whether as a Manager, Member or otherwise) or (y) in connection with such Member's Trading for his own account. (Ex. A, § 6.5(c)) (emphasis added).

**SCHLOSSBERG ANSWER:** To the extent the allegations in Paragraph 197 seek to paraphrase or characterize a written document, the written document speaks for itself. Further, paragraph 197 incorporates a legal conclusion to which no response is required.

**ZHANG, PATEL ANSWER:** Defendants Zhang and Patel make no response to the allegations in paragraph 197, as Count VI of the Complaint is not directed to these Defendants.

198. The Trade Secrets, including the Platform, consist of Confidential Information and Intellectual Property pursuant to The LLC Agreement.

**SCHLOSSBERG ANSWER:** To the extent the allegations in Paragraph 198 seek to paraphrase or characterize a written document, the written document speaks for itself. Further, paragraph 198 incorporates a legal conclusion to which no response is required.

**ZHANG, PATEL ANSWER:** Defendants Zhang and Patel make no response to the allegations in paragraph 198, as Count VI of the Complaint is not directed to these Defendants.

199. The Confidential Information and Intellectual Property terms of the LLC Agreement are material.

**SCHLOSSBERG ANSWER:** To the extent the allegations in Paragraph 199 seek to paraphrase or characterize a written document, the written document speaks for itself. Further, paragraph 199 incorporates a legal conclusion to which no response is required.

**ZHANG, PATEL ANSWER:** Defendants Zhang and Patel make no response to the allegations in paragraph 199, as Count VI of the Complaint is not directed to these Defendants.

200. Schlossberg has breached his obligations under the LLC Agreement by, without the prior written consent of Folding Light:

a. Directly using, copying, and disclosing the Trade Secrets for purposes other than in connection with the performance of his duties for Folding Light;

b. Failing to take such protective measures as may be reasonably necessary to preserve the secrecy and interest of Folding Light in the Trade Secrets; and

c. Using and converting the Trade Secrets for his own benefit and gain.

**SCHLOSSBERG ANSWER:** Defendant denies every allegations in paragraph 200. Answering further, Defendant specifically denies ever accessing, using, copying or disclosing Folding Light IP, including trade secrets, at any time other than in connection with the performance of his duties for Folding Light. Any damage incurred by Folding Light with respect

to its IP resulted from Defendant's termination before he was able to secure the code in a cloud-based code repository, and from Folding Light's default on its third-party contracts.

**ZHANG, PATEL ANSWER:** Defendants Zhang and Patel make no response to the allegations in paragraph 200, as Count VI of the Complaint is not directed to these Defendants.

201. In addition, Section 6.5(a) of the LLC Agreement prohibits Folding Light's members from soliciting Folding Light's employees, contractors, or anyone engaged by Folding Light, and Folding Light's investors, following the members' separation from Folding Light.

**SCHLOSSBERG ANSWER:** To the extent the allegations in Paragraph 201 seek to paraphrase or characterize a written document, the written document speaks for itself. The allegations in paragraph 201 also state a legal conclusion to which no response is required.

**ZHANG, PATEL ANSWER:** Defendants Zhang and Patel make no response to the allegations in paragraph 201, as Count VI of the Complaint is not directed to these Defendants.

202. The non-solicitation term the LLC Agreement is material and enforceable.

**SCHLOSSBERG ANSWER:** The allegations in paragraph 202 state legal conclusions to which no response is required.

**ZHANG, PATEL ANSWER:** Defendants Zhang and Patel make no response to the allegations in paragraph 202, as Count VI of the Complaint is not directed to these Defendants.

203. Schlossberg breached his obligations under Section 6.5(a) of the LLC Agreement by: (a) employing Zhang, Patel, Leli, Andrews and/or Klaas to work with Schlossberg in his new, competing business; (b) by soliciting investment from Investors and Potential Investors of

Folding Light, including without limitation the Mallers; and (c) by otherwise seeking to influence and alter the relationship between Folding Light and the foregoing persons.

**SCHLOSSBERG ANSWER:** The allegations in paragraph 203 state a legal conclusion to which no response is required. Answering further, Defendant denies all factual allegations in paragraph 203.

**ZHANG, PATEL ANSWER:** Defendants Zhang and Patel make no response to the allegations in paragraph 203, as Count VI of the Complaint is not directed to these Defendants.

204. In addition, Section 6.5(c) of the LLC Agreement prohibits a departing member on "garden leave" from working for any other entity and requires their cooperation in transitioning their services to Folding Light.

**SCHLOSSBERG ANSWER:** To the extent the allegations in Paragraph 204 seek to paraphrase or characterize a written document, the written document speaks for itself. The allegations in paragraph 201 also state a legal conclusion to which no response is required.

**ZHANG, PATEL ANSWER:** Defendants Zhang and Patel make no response to the allegations in paragraph 204, as Count VI of the Complaint is not directed to these Defendants.

205. The garden leave term of the LLC Agreement is material and enforceable.

**SCHLOSSBERG ANSWER:** The allegations in paragraph 205 state legal conclusions to which no response is required. Answering further, Defendant denies that the garden leave provision of the LLC Agreement is enforceable given that no consideration was ever offered in exchange for Defendant's compliance with the stated terms.

**ZHANG, PATEL ANSWER:** Defendants Zhang and Patel make no response to the allegations in paragraph 205, as Count VI of the Complaint is not directed to these Defendants.

206. Schlossberg also breached his obligations under the LLC Agreement by associating with a competing company while on garden leave, in violation of Section 6.5(c) of the LLC Agreement, which prohibits him for one year from "providing services to any Person other than [Folding Light]," and by failing to return Folding Light's property and helping Folding Light to access its Trade Secrets, Confidential Information, and Intellectual Property.

**SCHLOSSBERG ANSWER:** To the extent the allegations in Paragraph 206 seek to paraphrase or characterize a written document, the written document speaks for itself. The allegations in paragraph 206 also state legal conclusions to which no response is required. Answering further, Defendant denies that he associated with a competing company while on garden leave.

**ZHANG, PATEL ANSWER:** Defendants Zhang and Patel make no response to the allegations in paragraph 206, as Count VI of the Complaint is not directed to these Defendants.

207. These failures constitute material breaches of Schlossberg's obligations under the LLC Agreement.

**SCHLOSSBERG ANSWER:** The allegations in paragraph 207 state legal conclusions to which no response is required.

**ZHANG, PATEL ANSWER:** Defendants Zhang and Patel make no response to the allegations in paragraph 207, as Count VI of the Complaint is not directed to these Defendants.

82

208. Folding Light has suffered and continues to suffer damages as a result of Schlossberg's breaches of the LLC Agreement, including without limitation the loss of the value of its Trade Secrets, Confidential Information and Intellectual Property as well as its relationships with its Investors.

**SCHLOSSBERG ANSWER:** The allegations in paragraph 208 state legal conclusions to which no response is required. Answering further, Defendant denies the allegations in paragraph 208 with respect to his conduct.

**ZHANG, PATEL ANSWER:** Defendants Zhang and Patel make no response to the allegations in paragraph 208, as Count VI of the Complaint is not directed to these Defendants.

209. Pursuant to the LLC Agreement, Folding Light is entitled to an award of attorney's fees and its costs for bringing this action to enforce the terms of the LLC Agreement.

**SCHLOSSBERG ANSWER:** To the extent the allegations in paragraph 209 seek to paraphrase or characterize a written document, the written document speaks for itself. The allegations in paragraph 209 also state a legal conclusion to which no response is required.

**ZHANG, PATEL ANSWER:** Defendants Zhang and Patel make no response to the allegations in paragraph 209, as Count VI of the Complaint is not directed to these Defendants.

210. Defendant Schlossberg's breaches of the Confidential Information, Intellectual Property, garden leave and non-solicitation provisions of the LLC Agreement have caused and will continue to cause Folding Light irreparable and substantial injuries and therefore cannot be redressed through damages alone.

**SCHLOSSBERG ANSWER:** The allegations in paragraph 210 state legal conclusions to which no response is required. Answering further, Defendant denies that Folding Light has suffered damages or irreparable injury as a result of any conduct on Defendant's part.

**ZHANG, PATEL ANSWER:** Defendants Zhang and Patel make no response to the allegations in paragraph 210, as Count VI of the Complaint is not directed to these Defendants.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment on Count VI in its favor and against Defendant Jon Schlossberg and enter an order:

A. Entering a preliminary and permanent injunction against Schlossberg enjoining him from further breaches of the LLC Agreement and requiring the return of all Folding Light Trade Secrets, Confidential Information and Intellectual Property;

B. Entering a preliminary and permanent injunction prohibiting Schlossberg from providing services to any person other than Folding Light while on garden leave;

C. Awarding Plaintiff the compensatory and consequential damages resulting from the acts complained of in this Count VI, in amounts to be determined at trial;

D. Awarding statutory pre- and post-judgment interest on all amounts awarded

E. Awarding Folding Light its reasonable attorney's fees and costs expended as a result of Schlossberg's breaches of the LLC Agreement; and F. Providing for such other or further relief as the Court deems just and equitable.

**SCHLOSSBERG ANSWER:** Defendant denies that Plaintiff is entitled to any of the relief requested in Count VI.

## Count VII

## Breach of Contract
## (Defendant Andrews)

211. Plaintiff realleges and incorporates by this reference as if fully set forth herein the allegations in paragraphs 1 through 210.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants Schlossberg, Zhang and Patel make no response to the allegations in paragraph 211, as Count VII of the Complaint is not directed to these Defendants.

212. The LLC Agreement is a valid contract entered into, among others, by Andrews.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants Schlossberg, Zhang and Patel make no response to the allegations in paragraph 212, as Count VII of the Complaint is not directed to these Defendants.

213. Folding Light performed all of its obligations under the LLC Agreement.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants Schlossberg, Zhang and Patel make no response to the allegations in paragraph 213, as Count VII of the Complaint is not directed to these Defendants.

214. Under the LLC Agreement, Andrews agreed to not disclose Folding Light's confidential information:

Each Member therefore agrees that for so long as he is a Member, and for the longest period of time permitted by law thereafter, such Member shall (i) not, without the prior written consent of the other Member, directly or indirectly use, copy or duplicate, or

disclose or otherwise make available to any third party, any Confidential Information (as defined below) other than in the performance such Member's duties with respect to the Company, (ii) take such protective measures as may be reasonably necessary to preserve the secrecy and interest of the Company in the Confidential Information, and (iii) not, without the prior written consent of the other Member, utilize or convert Confidential Information for such Member's own benefit or gain, of whatever nature other than (x) in performance of such Member's duties to the Company (whether as a Manager, Member or otherwise) or (y) in connection with such Member's Trading for his own account. (Ex. A, § 6.5(c)) (emphasis added).

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants Schlossberg, Zhang and Patel make no response to the allegations in paragraph 214, as Count VII of the Complaint is not directed to these Defendants.

215. The Trade Secrets, including the Platform, are Confidential Information and Intellectual Property pursuant to the LLC Agreement.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants Schlossberg, Zhang and Patel make no response to the allegations in paragraph 215, as Count VII of the Complaint is not directed to these Defendants.

216. The Confidential Information and Intellectual Property terms of the LLC Agreement are material.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants Schlossberg, Zhang and Patel make no response to the allegations in paragraph 216, as Count VII of the Complaint is not directed to these Defendants.

217. Andrews has breached his obligations under the LLC Agreement by, without the prior written consent of Folding Light:

a. Directly using, copying, and disclosing the Trade Secrets for purposes other than in connection with the performance of his duties for Folding Light;

b. Failing to take such protective measures as may be reasonably necessary to preserve the secrecy and interest of Folding Light in the Trade Secrets; and

c. Using and converting the Trade Secrets for his own benefit and gain.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants Schlossberg, Zhang and Patel make no response to the allegations in paragraph 217, as Count VII of the Complaint is not directed to these Defendants.

218. In addition, Section 6.5(a) of the LLC Agreement prohibits Folding Light's members from soliciting Folding Light's employees, contractors, or anyone engaged by Folding Light, and Folding Light's investors, following the members' separation from Folding Light.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants Schlossberg, Zhang and Patel make no response to the allegations in paragraph 218, as Count VII of the Complaint is not directed to these Defendants.

219. The non-solicitation term the LLC Agreement is material and enforceable.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants Schlossberg, Zhang and Patel make no response to the allegations in paragraph 219, as Count VII of the Complaint is not directed to these Defendants.

220. Andrews breached his obligations under Section 6.5(a) of the LLC Agreement by: (a) employing Zhang, Patel, Leli, Schlossberg and/or Klaas to work with Andrews in his new, competing business; (b) by soliciting investment from Investors and Potential Investors of Folding Light, including without limitation the Mallers; and (c) by otherwise seeking to influence and alter the relationship between Folding Light and the foregoing persons.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants Schlossberg, Zhang and Patel make no response to the allegations in paragraph 220, as Count VII of the Complaint is not directed to these Defendants. Answering further, Defendants deny that they were employed by Andrews in a competing business.

221. In addition, Section 6.5(c) of the LLC Agreement prohibits a departing member on "garden leave" from working for any other entity and requires their cooperation in transitioning their services to Folding Light.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants Schlossberg, Zhang and Patel make no response to the allegations in paragraph 221, as Count VII of the Complaint is not directed to these Defendants.

222. The garden leave term of the LLC Agreement is material and enforceable.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants Schlossberg, Zhang and Patel make no response to the allegations in paragraph 222, as Count VII of the Complaint is not directed to these Defendants.

223. Andrews also breached his obligations under the LLC Agreement by associating with a competing company while on garden leave, in violation of Section 6.5(c) of the LLC Agreement, which prohibits him for one year from "providing services to any Person other than [Folding Light]," and by failing to return Folding Light's and by failing to return Folding Light's property and helping Folding Light to access its Trade Secrets, Confidential Information, and Intellectual Property.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants Schlossberg, Zhang and Patel make no response to the allegations in paragraph 223, as Count VII of the Complaint is not directed to these Defendants.

224. These failures constitute material breaches of Andrews' obligations under the LLC Agreement.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants Schlossberg, Zhang and Patel make no response to the allegations in paragraph 224, as Count VII of the Complaint is not directed to these Defendants.

225. Folding Light has suffered and continues to suffer damages as a result of Andrews' breaches of the LLC Agreement, including without limitation the loss of the value of its Trade Secrets, Confidential Information, and Intellectual Property as well as its relationships with its Investors.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants Schlossberg, Zhang and Patel make no response to the allegations in paragraph 225, as Count VII of the Complaint is not directed to these Defendants.

226. Pursuant to the LLC Agreement, Folding Light is entitled to an award of attorney's fees and costs for bringing this action to enforce the terms of the LLC Agreement.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants Schlossberg, Zhang and Patel make no response to the allegations in paragraph 226, as Count VII of the Complaint is not directed to these Defendants.

227. Defendant Andrews' breaches of the Confidential Information, Intellectual Property, garden leave and non-solicitation provisions of the LLC Agreement have caused and will continue to cause Folding Light irreparable and substantial injuries and therefore cannot be redressed through damages alone.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants Schlossberg, Zhang and Patel make no response to the allegations in paragraph 227, as Count VII of the Complaint is not directed to these Defendants.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment on Count VII in its favor and against Defendant Matthew Andrews and enter an order:

A. Entering a preliminary and permanent injunction against Andrews enjoining him from further breaches of the LLC Agreement and requiring the return of all Folding Light Trade Secrets, Confidential Information and Intellectual Property;

B. Entering a preliminary and permanent injunction prohibiting Schlossberg from providing services to any person other than Folding Light while on garden leave;

C. Awarding Plaintiff the compensatory and consequential damages resulting from the acts complained of in this Count VII, in amounts to be determined at trial;

D. Awarding statutory pre- and post-judgment interest on all amounts awarded;

E. Awarding Folding Light its reasonable attorney's fees and costs expended as a result of Andrews' breaches of the LLC Agreement; and

F. Providing for such other or further relief as the Court deems just and equitable.

**SCHLOSSBERG ANSWER**:  Defendant denies that Plaintiff is entitled to the relief requested in subparagraph B. with respect to this Defendant.

## Count VIII

### Breach of Contract
### (Defendant Klaas)

228. Plaintiff realleges and incorporates by this reference as if fully set forth herein the allegations in paragraphs 1 through 227.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:**  Defendants Schlossberg, Zhang and Patel make no response to the allegations in paragraph 228, as Count VIII of the Complaint is not directed to these Defendants.

229. The LLC Agreement is a valid contract entered into, among others, by Klaas.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:**  Defendants Schlossberg, Zhang and Patel make no response to the allegations in paragraph 229, as Count VIII of the Complaint is not directed to these Defendants.

230. Folding Light has performed all of its obligations under the LLC Agreement.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:**  Defendants Schlossberg, Zhang and Patel make no response to the allegations in paragraph 230, as Count VIII of the Complaint is not directed to these Defendants.

231. Under the LLC Agreement, Klaas agreed to not disclose Folding Light's confidential information:

> Each Member therefore agrees that for so long as he is a Member, and for the longest period of time permitted by law thereafter, such Member shall (i) not, without the prior written consent of the other Member, directly or indirectly use, copy or duplicate, or disclose or otherwise make available to any third party, any Confidential Information (as defined below) other than in the performance such Member's duties with respect to the Company, (ii) take such protective measures as may be reasonably necessary to preserve the secrecy and interest of the Company in the Confidential Information, and (iii) not, without the prior written consent of the other Member, utilize or convert Confidential Information for such Member's own benefit or gain, of whatever nature other than (x) in performance of such Member's duties to the Company (whether as a Manager, Member or otherwise) or (y) in connection with such Member's Trading for his own account. (Ex. A, § 6.5(c)) (emphasis added).

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants Schlossberg, Zhang and Patel make no response to the allegations in paragraph 231, as Count VIII of the Complaint is not directed to these Defendants.

232. The Trade Secrets, including the Platform, are Confidential Information and Intellectual Property pursuant to the LLC Agreement.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants Schlossberg, Zhang and Patel make no response to the allegations in paragraph 232, as Count VIII of the Complaint is not directed to these Defendants.

233. The Confidential Information and Intellectual Property terms of the LLC Agreement are material.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants Schlossberg, Zhang and Patel make no response to the allegations in paragraph 233, as Count VIII of the Complaint is not directed to these Defendants.

234. Upon information and belief, Klaas has breached his obligations under the LLC Agreement by, without the prior written consent of Folding Light:

a. Directly using, copying, and disclosing the Trade Secrets for purposes other than in connection with the performance of his duties for Folding Light;

b. Failing to take such protective measures as may be reasonably necessary to preserve the secrecy and interest of Folding Light in the Trade Secrets; and

c. Using and converting the Trade Secrets for his own benefit and gain.

93

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants Schlossberg, Zhang and Patel make no response to the allegations in paragraph 234, as Count VIII of the Complaint is not directed to these Defendants.

235. In addition, Section 6.5(a) of the LLC Agreement prohibits Folding Light's members from soliciting Folding Light's employees, contractors, or anyone engaged by Folding Light, and Folding Light's investors, following the members' separation from Folding Light.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants Schlossberg, Zhang and Patel make no response to the allegations in paragraph 235, as Count VIII of the Complaint is not directed to these Defendants.

236. The non-solicitation term the LLC Agreement is material and enforceable.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants Schlossberg, Zhang and Patel make no response to the allegations in paragraph 236, as Count VIII of the Complaint is not directed to these Defendants.

237. In addition, Klaas breached his obligations under Section 6.5(a) of the LLC Agreement by: (a) employing Zhang, Patel, Leli, Schlossberg and/or Andrews to work with Klaas in his new, competing business; (b) by soliciting investment from Investors and Potential Investors of Folding Light, including without limitation the Mallers; and (c) by otherwise seeking to influence and alter the relationship between Folding Light and the foregoing persons.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants Schlossberg, Zhang and Patel make no response to the allegations in paragraph 237, as Count VIII of the Complaint is not

directed to these Defendants. Answering further, Defendants state that paragraph 237 sets forth a legal conclusion to which no response is required.

238. These failures constitute material breaches of Klaas' obligations under the LLC Agreement.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants Schlossberg, Zhang and Patel make no response to the allegations in paragraph 238, as Count VIII of the Complaint is not directed to these Defendants.

239. Folding Light has suffered and continues to suffer damages as a result of Klaas' breaches of the LLC Agreement, including without limitation the loss of the value of its Trade Secrets, Confidential Information and Intellectual Property.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants Schlossberg, Zhang and Patel make no response to the allegations in paragraph 239, as Count VIII of the Complaint is not directed to these Defendants.

240. Pursuant to the LLC Agreement, Folding Light is entitled to an award of attorney's fees and costs for bringing this action to enforce the terms of the LLC Agreement.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants Schlossberg, Zhang and Patel make no response to the allegations in paragraph 240, as Count VIII of the Complaint is not directed to these Defendants.

241. Defendant Klaas' breaches of the Confidential Information, Intellectual Property, and non-solicitation provisions of the LLC Agreement have caused and will continue to cause

Folding Light irreparable and substantial injuries and therefore cannot be redressed through damages alone.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants Schlossberg, Zhang and Patel make no response to the allegations in paragraph 241, as Count VIII of the Complaint is not directed to these Defendants.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment on Count VIII in its favor and against Defendant Kasey Klaas and enter an order:

A. Entering a preliminary and permanent injunction against Andrews enjoining him from further breaches of the LLC Agreement and requiring the return of all Folding Light Trade Secrets, Confidential Information and Intellectual Property;

B. Awarding Plaintiff the compensatory and consequential damages resulting from the acts complained of in this Count VIII, in amounts to be determined at trial;

C. Awarding statutory pre- and post-judgment interest on all amounts awarded;

D. Awarding Folding Light its reasonable attorney's fees and costs expended as a result of Klaas' breaches of the LLC Agreement; and

E. Providing for such other or further relief as the Court deems just and equitable.

## Count IX

### Tortious Interference With Contract
### (Defendant Bunny Foo Foo Labs, LLC)

242. Plaintiff realleges and incorporates by this reference as if fully set forth herein the allegations in paragraphs 1 through 241.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants Schlossberg, Zhang and Patel make no response to the allegations in paragraph 242, as Count IX of the Complaint is not directed to these Defendants.

243. Folding Light on the one hand, and Defendants Klaas, Andrews, and Schlossberg on the other hand, are parties to the LLC Agreement.

**SCHLOSSBERG ANSWER:** Defendant admits the allegations in paragraph 243.

**ZHANG, PATEL ANSWER:** Defendants Zhang and Patel make no response to the allegations in paragraph 243, as Count IX of the Complaint is not directed to these Defendants.

244. The LLC Agreement is a valid and enforceable contract.

**SCHLOSSBERG ANSWER:** The allegations in paragraph 244 state legal conclusions to which no response is required.

**ZHANG, PATEL ANSWER:** Defendants Zhang and Patel make no response to the allegations in paragraph 244, as Count IX of the Complaint is not directed to these Defendants.

245. Upon information and belief, at all relevant times Defendants Klaas, Andrews, and Schlossberg have been and are members and/or employees of Bunny Foo Foo Labs.

**SCHLOSSBERG ANSWER:** Defendant denies the allegations in paragraph 245. Answering further, Defendant states that he was only ever an independent contractor for Bunny Foo Foo Labs.

**ZHANG, PATEL ANSWER:** Defendants Zhang and Patel make no response to the allegations in paragraph 245, as Count IX of the Complaint is not directed to these Defendants.

246. By virtue of Klaas', Andrews', and Schlossberg's roles at Bunny Foo Foo Labs, Bunny Foo Foo Labs had actual knowledge of the existence of the valid and enforceable LLC Agreement between Folding Light on the one hand and Klaas, Andrews, and Schlossberg on the other hand, as well as Klaas', Andrews', and Schlossberg's confidentiality obligations pursuant to Section 6.5(b) of the LLC Agreement to maintain the secrecy of Folding Light's Trade Secrets, Confidential Information, and Intellectual Property, including the Platform, and to not disclose that information to any third-parties not in connection with Folding Light's business.

**SCHLOSSBERG ANSWER:** To the extent the allegations in Paragraph 246 seek to paraphrase or characterize a written document, the written document speaks for itself. The allegations in paragraph 246 also state legal conclusions to which no response is required.

**ZHANG, PATEL ANSWER:** Defendants Zhang and Patel make no response to the allegations in paragraph 246, as Count IX of the Complaint is not directed to these Defendants.

247. Additionally, by virtue of Andrews' and Schlossberg's roles at Bunny Foo Foo Labs, Bunny Foo Foo Labs had actual knowledge of the fact that pursuant to Section 6.5(c) of the LLC Agreement, Andrews and Schlossberg were placed on "garden leave" preventing them from "providing services to any Person other than [Folding Light]" beginning on October 31, 2018 for no greater than 12 months.

**SCHLOSSBERG ANSWER:** To the extent the allegations in Paragraph 247 seek to paraphrase or characterize a written document, the written document speaks for itself. The allegations in paragraph 247 also state legal conclusions to which no response is required.

**ZHANG, PATEL ANSWER:** Defendants Zhang and Patel make no response to the allegations in paragraph 247, as Count IX of the Complaint is not directed to these Defendants.

248. Despite this knowledge, Bunny Foo Foo Labs tortiously and without justification interfered with the LLC Agreement by encouraging Klaas, Andrews, and Schlossberg to steal Folding Light's Confidential Information, Intellectual Property, and Trade Secrets, including the Platform, and to disclose it to Bunny Foo Foo Labs so that Bunny Foo Foo Labs could compete with Folding Light.

**SCHLOSSBERG ANSWER**: The allegations in paragraph 248 state legal conclusions to which no response is required. Answering further, Defendant denies that he was "encouraged to steal Folding Light's Confidential Information, Intellectual Property, and Trade Secrets, including the Platform, and to disclose it to Bunny Foo Foo Labs so that Bunny Foo Foo Labs could compete with Folding Light."

**ZHANG, PATEL ANSWER:** Defendants Zhang and Patel make no response to the allegations in paragraph 248, as Count IX of the Complaint is not directed to these Defendants.

249. Additionally, Bunny Foo Foo Labs tortiously and without justification interfered with the LLC Agreement by recruiting Andrews and Schlossberg to provide services to Bunny Foo Foo Labs while they were prohibited from providing services to Bunny Foo Foo Labs pursuant to Sections 6.5(a) and 6.5(c) of the LLC Agreement.

**SCHLOSSBERG ANSWER**: To the extent the allegations in Paragraph 249 seek to paraphrase or characterize a written document, the written document speaks for itself. The allegations in paragraph 247 also state legal conclusions to which no response is required.

**ZHANG, PATEL ANSWER:** Defendants Zhang and Patel make no response to the allegations in paragraph 249, as Count IX of the Complaint is not directed to these Defendants.

250. As the result of Bunny Foo Foo Labs' interference, Folding Light has suffered damages in an amount to be determined at trial of this cause.

**SCHLOSSBERG ANSWER:** To the extent the allegations in Paragraph 250 seek to paraphrase or characterize a written document, the written document speaks for itself. The allegations in paragraph 247 also state legal conclusions to which no response is required.

**ZHANG, PATEL ANSWER:** Defendants Zhang and Patel make no response to the allegations in paragraph 250, as Count IX of the Complaint is not directed to these Defendants.

251. Bunny Foo Foo Labs acted willfully, maliciously, and with intentional disregard of Folding Light's rights, thereby entitling Folding Light to punitive damages in an amount to be determined at trial.

**SCHLOSSBERG ANSWER:** The allegations in paragraph 247 state legal conclusions to which no response is required.

**ZHANG, PATEL ANSWER:** Defendants Zhang and Patel make no response to the allegations in paragraph 251, as Count IX of the Complaint is not directed to these Defendants.

252. Bunny Foo Foo Labs' interference has caused and will continue to cause Folding Light irreparable and substantial injuries and therefore cannot be fully redressed through damages alone.

**SCHLOSSBERG ANSWER:**  The allegations in paragraph 247 state legal conclusions to which no response is required.

**ZHANG, PATEL ANSWER:**  Defendants Zhang and Patel make no response to the allegations in paragraph 252, as Count IX of the Complaint is not directed to these Defendants.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment on Count IX in its favor and against Defendant Bunny Foo Foo Labs, LLC and enter an order:

A. Entering a preliminary and permanent injunction against Bunny Foo Foo Labs and persons or entities within its control preventing them from using, duplicating, or disclosing to any third-party the Trade Secrets, including the Platform, Folding Light's Confidential Information, or Folding Light's Intellectual Property;

B. Entering a preliminary and permanent injunction against Bunny Foo Foo Labs prohibiting it from employing Schlossberg and Andrews for a period of twelve months;

C. Entering a preliminary and permanent injunction against Bunny Foo Foo Labs and persons or entities within its control requiring them to return any and all copies of the Platform, Folding Light's confidential information, or Folding Light's intellectual property;

D. Awarding compensatory damages for the actual losses incurred due to Bunny Foo Foo Labs' tortious interference with the LLC Agreement;

E. Awarding punitive damages due to the willful and malicious nature of Bunny Foo Foo Labs' conduct;

F. Awarding statutory pre- and post-judgment interest on all amounts awarded; and,

G. Providing for such other or further relief as the Court deems just and equitable.

## Count X

### Tortious Interference with Contract
### (Defendants Klaas, Schlossberg, and Andrews)

253. Plaintiff realleges and incorporates by this reference as if fully set forth herein the allegations in paragraphs 1 through 252.

**SCHLOSSBERG ANSWER:** Defendant repeats and incorporates his answers to all of the preceding allegations in Paragraphs 1-252 as though set forth fully in his response to Paragraph 253.

**ZHANG, PATEL ANSWER:** Defendants Zhang and Patel make no response to the allegations in paragraph 253, as Count X of the Complaint is not directed to these Defendants.

254. Folding Light has a valid and enforceable contract with Radius IT to provide information technology services to Folding Light.

**SCHLOSSBERG ANSWER:** Defendant lacks knowledge or information sufficient to determine the truth of the allegations in paragraph 254. Answering further, paragraph 254 states a legal conclusion to which no response is required.

**ZHANG, PATEL ANSWER:** Defendants Zhang and Patel make no response to the allegations in paragraph 254, as Count X of the Complaint is not directed to these Defendants.

255. Defendants Klaas, Schlossberg and Andrews knew about Radius IT's contract to provide information technology services, and in fact worked with Radius IT to obtain such services for Folding Light prior to their departure.

**SCHLOSSBERG ANSWER:** Defendant admits the referenced defendants knew about RadiusIT's contract to provide information technology services for Folding Light. Defendant denies that he worked with Radius IT to obtain such services for Folding Light prior to his departure. Defendant lacks knowledge or information sufficient to determine the truth of the remaining allegations in paragraph 255.

**ZHANG, PATEL ANSWER:** Defendants Zhang and Patel make no response to the allegations in paragraph 255, as Count X of the Complaint is not directed to these Defendants.

256. Following their departure, upon information and belief Defendants Klaas, Schlossberg and Andrews lied to Radius IT, disparaged Flagstad and Folding Light, and otherwise wrongfully induced Radius IT to cease, without notice, performing services for Folding Light in breach of Radius IT's agreement.

**SCHLOSSBERG ANSWER:** Defendant denies the allegations in paragraph 256 as it pertains to his conduct. Defendant lacks knowledge or information sufficient to determine the truth of the remaining allegations in paragraph 256.

**ZHANG, PATEL ANSWER:** Defendants Zhang and Patel make no response to the allegations in paragraph 256, as Count X of the Complaint is not directed to these Defendants.

103

257. In so doing, these Defendants intentionally and without justification induced Radius IT to breach its agreement.

**SCHLOSSBERG ANSWER:** Defendant denies the allegations in paragraph 257 as it pertains to his conduct. Defendant lacks knowledge or information sufficient to determine the truth of the remaining allegations in paragraph 257.

**ZHANG, PATEL ANSWER:** Defendants Zhang and Patel make no response to the allegations in paragraph 257, as Count X of the Complaint is not directed to these Defendants.

258. Radius IT breached its agreement with Folding Light.

**SCHLOSSBERG ANSWER:** Defendant lacks knowledge or information sufficient to determine the truth of the allegation in paragraph 258.

**ZHANG, PATEL ANSWER:** Defendants Zhang and Patel make no response to the allegations in paragraph 258, as Count X of the Complaint is not directed to these Defendants.

259. Radius's breach, and these Defendants' inducement of that breach, caused substantial damages to Folding Light.

**SCHLOSSBERG ANSWER:** Defendant denies the allegations in paragraph 259 as it pertains to his conduct. Defendant lacks knowledge or information sufficient to determine the truth of the remaining allegations in paragraph 259. The allegations in paragraph 259 also state legal conclusions to which no response is required.

**ZHANG, PATEL ANSWER:** Defendants Zhang and Patel make no response to the allegations in paragraph 259, as Count X of the Complaint is not directed to these Defendants.

260. These Defendants acted willfully, maliciously, and with intentional disregard of Folding Light's rights, thereby entitling Folding Light to punitive damages in an amount to be determined at trial.

**SCHLOSSBERG ANSWER:** Defendant denies the allegations in paragraph 260 as it pertains to his conduct. Defendant lacks knowledge or information sufficient to determine the truth of the remaining allegations in paragraph 260. The allegations in paragraph 260 also state legal conclusions to which no response is required.

**ZHANG, PATEL ANSWER:** Defendants Zhang and Patel make no response to the allegations in paragraph 260, as Count X of the Complaint is not directed to these Defendants.

261. These Defendants' interference has caused and will continue to cause Folding Light irreparable and substantial injuries and therefore cannot be fully redressed through damages alone.

**SCHLOSSBERG ANSWER:** Defendant denies the allegations in paragraph 261 as it pertains to his conduct. Defendant lacks knowledge or information sufficient to determine the truth of the remaining allegations in paragraph 261. The allegations in paragraph 261 also state legal conclusions to which no response is required.

**ZHANG, PATEL ANSWER:** Defendants Zhang and Patel make no response to the allegations in paragraph 261, as Count X of the Complaint is not directed to these Defendants.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment on Count X in its favor and against Defendants Klaas, Schlossberg and Andrews and enter an order:

A. Entering a preliminary and permanent injunction against Defendants Klaas, Schlossberg and Andrews prohibiting them from further interference with the Radius IT agreement;

B. Awarding compensatory damages for the actual losses incurred due to these Defendants' tortious interference with the Radius IT agreement;

C. Awarding punitive damages due to the willful and malicious nature of these Defendants' conduct;

D. Awarding statutory pre- and post-judgment interest on all amounts awarded; and

E. Providing for such other or further relief as the Court deems just and equitable.

**SCHLOSSBERG ANSWER:** Defendant denies that Plaintiff is entitled to any of the relief requested in Count X.

### Count XI

### Tortious Interference with Business Expectancy
### (Klaas, Schlossberg, Andrews, Zhang, and Patel)

262. Plaintiff realleges and incorporates by this reference as if fully set forth herein the allegations in paragraphs 1 through 261.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants repeat and incorporate their answers to all of the preceding allegations in Paragraphs 1-261 as though set forth fully in their response to Paragraph 262.

263. At the time Defendants began their competing business venture, Folding Light had a reasonable expectation of entering into and/or continuing its business relationships with the

Mallers. At all times relevant hereto, Defendants Klaas, Schlossberg, Andrews, Zhang, and Patel were aware of Folding Light's business expectancies with the Mallers because each of these defendants was involved in maintaining Folding Light's business relationship with the Mallers.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants deny the allegations in paragraph 263 as it pertains to themselves. Defendants have insufficient information with which to admit or deny the remaining allegations in paragraph 263 as it pertains to the other Defendants.

264. Defendants Klaas, Schlossberg, Andrews, Zhang, and Patel intentionally and without justification interfered with Folding Light's valid business relationship with the Mallers by usurping this business with the Mallers and failing to offer the business opportunity to Folding Light.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants deny the allegations in paragraph 264 as it pertains to themselves. The Defendants have insufficient information with which to admit or deny the remaining allegations in paragraph 264 as it pertains to the other Defendants.

265. As a direct and proximate result of the Defendants' unlawful conduct, Folding Light has sustained substantial damages, including lost profits and the loss of goodwill.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants deny the allegation in paragraph 265 as it pertains to themselves. Defendants have insufficient information with which to admit or deny the remaining allegations in paragraph 265 as it pertains to the other

Defendants. The allegations in paragraph 265 also state legal conclusions that require no response.

266. These Defendants' tortious interference was marked by deception and bad faith, warranting the imposition of punitive damages.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants deny the allegation in paragraph 266 as it pertains to themselves. Defendants have insufficient information with which to admit or deny the remaining allegations found in paragraph 266 as it pertains to the other Defendants. The allegations in paragraph 266 also state legal conclusions that require no response.

267. These Defendants' interference has caused and will continue to cause Folding Light irreparable and substantial injuries and therefore cannot be fully redressed through damages alone.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants deny the allegation in paragraph 267 as it pertains to themselves. Defendants have insufficient information with which to admit or deny the remaining allegations found in paragraph 267 as it pertains to the other Defendants. The allegations in paragraph 267 also state legal conclusions that require no response.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment on Count XI in its favor and against Defendants Klaas, Schlossberg, Andrews, Zhang, and Patel and enter an order:

A. Entering a preliminary and permanent injunction against Defendants Klaas, Schlossberg, Andrews, Zhang and Patel prohibiting them from further interference with Folding Light's relationship with the Mallers;

B. Awarding all compensatory damages resulting from these Defendants' tortious interference in an amount to be proven at trial;

C. Awarding punitive damages due to the intentional, bad faith, willful and malicious nature of these Defendants' conduct;

D. Awarding statutory pre- and post-judgment interest on all amounts awarded;

E. Providing for such other or further relief as the Court deems just and equitable.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:**  Defendants deny that Plaintiff is entitled to any of the relief requested in Count XI.

### Count XII

### Breach of Fiduciary Duty
### (Defendants Klaas, Schlossberg, and Andrews)

268. Plaintiff realleges and incorporates by this reference as if fully set forth herein the allegations in paragraphs 1 through 267.

**SCHLOSSBERG ANSWER:**  Schlossberg repeats and incorporates his  answers to all of the preceding allegations in Paragraphs 1-267 as if set forth fully herein.

**ZHANG, PATEL ANSWER**:  Zhang and Patel make no response to Paragraph 268 as Count XII is not directed to these Defendants.

269. Defendant Klaas is a member of Folding Light.

**SCHLOSSBERG ANSWER:** Schlossberg admits the allegation in paragraph 269.

**ZHANG, PATEL ANSWER**: Zhang and Patel make no response to Paragraph 269 as Count XII is not directed to these Defendants.

270. At all relevant times prior to their termination, Defendants Schlossberg and Andrews were members of Folding Light.

**SCHLOSSBERG ANSWER:** Schlossberg admits the allegation in paragraph 270.

**ZHANG, PATEL ANSWER**: Zhang and Patel make no response to Paragraph 270 as Count XII is not directed to these Defendants.

271. At all relevant times prior to his termination, defendant Schlossberg was a manager of Folding Light.

**SCHLOSSBERG ANSWER:** Schlossberg admits the allegation in paragraph 271.

**ZHANG, PATEL ANSWER**: Zhang and Patel make no response to Paragraph 271 as Count XII is not directed to these Defendants.

272.    By virtue of their status as members and/or managers of Folding Light, Defendants Klaas, Schlossberg, Andrews, Zhang, and Patel owed fiduciary duties of loyalty, care, and good faith to Folding Light.

**SCHLOSSBERG ANSWER:** Schlossberg admits the allegation found in paragraph 272, only  as it pertains to himself, Klaas and Andrews.

**ZHANG, PATEL ANSWER**:  Zhang and Patel were not parties to the LLC Agreement and deny that they were members or managers of Folding Light.  Zhang and Patel make no response to the remaining allegations in Paragraph 272 as Count XII is not directed to these Defendants.

273. Defendants Klaas, Schlossberg, Andrews, Zhang, and Patel breached their fiduciary duties of loyalty, care, and good faith to Folding Light by:

a. Copying and stealing the Trade Secrets, including the Platform, and disclosing them to third-parties, including but not limited to Bunny Foo Foo Labs;

b. Directly using the Trade Secrets for Bunny Foo Foo Labs' and their own benefit, and to the detriment of Folding Light, prior to their terminations;

c. Failing to take such protective measures as may be reasonably necessary to preserve the secrecy and interest of Folding Light in the Trade Secrets;

d. Defendants Andrews and Schlossberg providing services to Bunny Foo Foo Labs, Folding Light's direct competitor, after Folding Light placed them on garden leave;

e. Stealing property from Folding Light, including without limitation Folding Light's computers and office furniture, for Bunny Foo Foo Labs' and their own benefit;

f. Deleting the Platform and other Trade Secrets from Folding Labs' computers in an effort to conceal their misconduct and to prevent Folding Light from using the Trade Secrets; and,

g. Using the Platform and Folding Light's other Trade Secrets to siphon Folding Light's trading customers to Bunny Foo Foo Labs and to usurp other business opportunities that rightfully belong to Folding Light.

**SCHLOSSBERG ANSWER:** Schlossberg denies the allegations in paragraph 273 as they pertain to himself. Schlossberg has insufficient information with which to admit or deny the remaining allegations found in paragraph 273 as they pertain to the other Defendants.

**ZHANG, PATEL ANSWER**: Zhang and Patel were not parties to the LLC Agreement and deny that they were members or managers of Folding Light. Zhang and Patel make no response to the remaining allegations in Paragraph 273 as Count XII is not directed to these Defendants.

274. In the absence of Defendants Klaas', Andrews', and Schlossberg's actions, Defendant Bunny Foo Foo Labs would not be able to operate or to provide products or services to Folding Light's customers.

**SCHLOSSBERG ANSWER:** Defendant denies the allegations in paragraph 274 as they pertains to himself. Defendant has insufficient information with which to admit or deny the remaining allegations found in paragraph 274 as they pertain to the other Defendants.

**ZHANG, PATEL ANSWER**: Zhang and Patel make no response to the allegations in Paragraph 274 as Count XII is not directed to these Defendants.

275. As a direct and proximate result of Klaas', Andrews', and Schlossberg's breaches, Folding Light has been severely and irreparably damaged, and Defendants have unlawfully profited and benefited.

**SCHLOSSBERG ANSWER:** The allegations in paragraph 275 state legal conclusions to which no response is required. To the extent an answer is required, Defendant denies the allegations in paragraph 275 as they pertain to himself. Defendant has insufficient information with which to admit or deny the remaining allegations found in paragraph 275 as they pertain to the other Defendants.

**ZHANG, PATEL ANSWER**: Zhang and Patel make no response to the allegations in Paragraph 275 as Count XII is not directed to these Defendants.

276. Klaas', Andrews', and Schlossberg's actions were willful and malicious and undertaken with reckless indifference to Folding Light's rights.

**SCHLOSSBERG ANSWER:** The allegations in paragraph 276 state legal conclusions to which no response is required. To the extent an answer is required, Defendant denies the allegations in paragraph 276 as they pertain to himself. Defendant has insufficient information with which to admit or deny the remaining allegations found in paragraph 276 as they pertain to the other Defendants.

**ZHANG, PATEL ANSWER**: Zhang and Patel make no response to the allegations in Paragraph 276 as Count XII is not directed to these Defendants.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment on Count XII in its favor and against Defendants Kasey Klaas, Jon Schlossberg, and Matthew Andrews, and enter an order:

A. Requiring Defendants to provide to Folding Light an account of Defendants' profits arising from Klaas', Andrews', and Schlossberg's breaches of their fiduciary duties to Folding Light;

B. Awarding Folding Light compensatory damages for the actual losses incurred due to Klaas', Andrews', and Schlossberg's breaches of their fiduciary duties to Folding Light, including disgorgement the value of any salary or benefits paid to Klaas, Andrews, or Schlossberg during the time of their ongoing breaches of their fiduciary duties to Folding Light;

C. Awarding Folding Light punitive damages due to the willful and malicious nature of Klaas', Andrews', and Schlossberg's conduct;

D. Awarding Folding Light its reasonable attorneys' fees and costs incurred as a result of the breaches of fiduciary duties;

E. Awarding statutory pre- and post-judgment interest on all amounts awarded; and,

F. Providing for such other or further relief as the Court deems just and equitable.

**SCHLOSSBERG ANSWER:** Schlossberg denies that Plaintiff is entitled to the relief requested in Count XII.

## Count XIII

### Aiding and Abetting Breach of Fiduciary Duty
### (Against Patel, Leli, Zhang and Bunny Foo Foo Labs)

114

277. Plaintiff realleges and incorporates by this reference as if fully set forth herein the allegations in paragraphs 1 through 276.

**ZHANG, PATEL ANSWER:** Zhang and Patel repeat and incorporate their answers to all of the preceding allegations in Paragraphs 1-276 as if set forth fully herein.

**SCHLOSSBERG ANSWER**: Schlossberg makes no response to the allegations in Paragraph 277 as Count XIII is not directed to this Defendant.

278. At all relevant times, Patel, Leli, Zhang and Bunny Foo Foo Labs, through its agents, knew that Klaas, Schlossberg and Andrews were founding members and/or managers of Folding Light and therefore owed Folding Light fiduciary duties, including, among others, duties of loyalty and good faith and the duty not to engage in self-dealing or to usurp corporate opportunities of Folding Light.

**ZHANG, PATEL ANSWER:** The allegations in paragraph 278 state legal conclusions to which no response is required. Answering further, Defendants admit that they knew Klaas, Schlossberg and Andrews were founding members and/or managers of Folding Light.

**SCHLOSSBERG ANSWER**: Schlossberg admits he, Klaas and Andrews were founding members and/or managers of Folding Light and owed Folding Light fiduciary duties. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 278.

279. As set forth above, these Defendants, in order to advance their own financial interests, knowingly aided and abetted, encouraged and actively participated in Klaas, Schlossberg, and Andrews' breaches of their fiduciary duties by, among other things, helping

them to steal Folding Light's Trade Secrets, computers and other property, and providing them with resources and assistance in setting up an identical competing business.

**ZHANG, PATEL ANSWER:** Defendants deny the allegations in paragraph 279.

**SCHLOSSBERG ANSWER**: Schlossberg denies the allegations in Paragraph 279 with respect to his conduct. Defendant has insufficient information with which to admit or deny the remaining allegations in paragraph 279 as they pertain to the other Defendants.

280. These Defendants' aid, abetment and active participation in the breaches of fiduciary duties of Klaas, Schlossberg and Andrews directly and proximately caused Folding Light to suffer damages, including the complete loss of their business.

**ZHANG, PATEL ANSWER:** The allegations in paragraph 280 state legal conclusions to which no response is required. To the extent an answer is required, Defendants deny the allegations in paragraph 280.

**SCHLOSSBERG ANSWER**: Schlossberg denies the allegations in Paragraph 280 with respect to his conduct. Defendant has insufficient information with which to admit or deny the remaining allegations in paragraph 280 as they pertain to the other Defendants. The allegations in paragraph 280 also state legal conclusions to which no response is required.

281. These Defendants' aid, abetment and active participation in these breaches of fiduciary duties was vexatious and intentionally and deliberately harmful to Folding Light.

**ZHANG, PATEL ANSWER:** The allegations in paragraph 281 state legal conclusions to which no response is required. To the extent an answer is required, Defendants deny the allegations in paragraph 281.

**SCHLOSSBERG ANSWER**: Schlossberg denies the allegations in Paragraph 281 with respect to his conduct. Defendant has insufficient information with which to admit or deny the remaining allegations in paragraph 281 as they pertain to the other Defendants. The allegations in paragraph 281 also state legal conclusions to which no response is required.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment on Count XIII in its favor and against Defendants Patel, Leli, Zhang and Bunny Foo Foo Labs, LLC, and enter an order:

A. Awarding Folding Light compensatory damages resulting from these Defendants' aiding and abetting the breaches of fiduciary duties of Klaas, Schlossberg and Andrews;

B. Awarding Folding Light disgorgement of all money and benefits received by these Defendants as a result of their wrongful conduct;

C. Awarding Folding Light punitive damages due to the willful and malicious nature of their conduct;

D. Awarding statutory pre- and post-judgment interest on all amounts awarded; and,

E. Providing for such other or further relief as the Court deems just and equitable.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants deny that Plaintiff is entitled to the relief requested in Count XIII.

## Count XIV

## Civil Conspiracy
## (All Defendants)

282. Plaintiff realleges and incorporates by this reference as if fully set forth herein the allegations in paragraphs 1 through 281.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants repeat and incorporate their answers to all of the preceding allegations in Paragraphs 1-281 as if set forth fully in their response to Paragraph 282.

283. The Defendants knowingly and voluntarily entered into a scheme and agreement to engage in a combination of unlawful acts and misconduct, as described herein, including, among other things, theft of trade secrets and other property, copyright infringement, breach of fiduciary duty and tortious interference.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants deny the allegations in paragraph 283 as they pertain to themselves. Defendants have insufficient information with which to admit or deny the remaining allegations found in paragraph 283 as they pertain to the other Defendants.

284. As part of this conspiracy, between at least October 19, 2018 and November 5, 2018, Defendants agreed to a common scheme to steal computers from Folding Light, erase nearly all data from Folding Light's remaining computers, and use Folding Lights' Trade Secrets, including the Platform, for their own personal gain.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants deny the allegations in paragraph 284 as they pertain to themselves. Defendants have insufficient information with

118

which to admit or deny the remaining allegations found in paragraph 284 as they pertain to the other Defendants.

285. To further their common scheme, Defendants agreed to participate together in a number of unlawful overt acts, including theft of the computers, illegally retaining Folding Light's property, and erasing Folding Light's other computers.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants deny the allegations in paragraph 285 as they pertain to themselves. Defendants have insufficient information with which to admit or deny the remaining allegations found in paragraph 285 as they pertain to the other Defendants.

286. Defendants committed each of the foregoing overt acts.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants deny the allegations in paragraph 286 as they pertain to themselves. Defendants have insufficient information with which to admit or deny the remaining allegations found in paragraph 286 as they pertain to the other Defendants.

287. Folding Light cannot be sure of the exact date or dates that Defendants reached their agreement to participate in the unlawful acts against it, but on information and belief, these agreements were reached in communications that will be produced by Defendants in discovery.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants deny the allegations in paragraph 287 as they pertain to themselves. Defendants have insufficient information with which to admit or deny the remaining allegations found in paragraph 287 as they pertain to the other Defendants.

288. The intent and purpose of the conspiracy, and the underlying combination of unlawful acts and misconduct committed by the Defendants was to usurp Folding Light's corporate opportunities and business. Each of the Defendants had a financial motive and incentive to accomplish the foregoing conspiracy.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants deny the allegations in paragraph 288 as they pertain to themselves. Defendants have insufficient information with which to admit or deny the remaining allegations found in paragraph 288 as they pertain to the other Defendants.

289. The Defendants understood and accepted the foregoing scheme and agreed to do its/his respective part, as described herein, to further and accomplish the foregoing objective.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants deny the allegations in paragraph 289 as they pertain to themselves. Defendants have insufficient information with which to admit or deny the remaining allegations found in paragraph 289 as they pertain to the other Defendants.

290. By entering into this conspiracy, the Defendants permitted, encouraged and/or induced all of the unlawful acts and misconduct as described herein.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants deny the allegations in paragraph 290 as they pertain to themselves. Defendants have insufficient information with which to admit or deny the remaining allegations found in paragraph 290 as they pertain to the other Defendants.

291. As a direct and proximate result of the Defendants' unlawful conduct, Folding Light has sustained substantial damages.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants deny the allegations in paragraph 291 as they pertain to themselves. Defendants have insufficient information with which to admit or deny the remaining allegations found in paragraph 291 as they pertain to the other Defendants. Paragraph 291 also states a legal conclusion to which no response is required.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment on Count XIV in its favor and against Defendants Kasey Klaas, Jon Schlossberg, Matthew Andrews, Rizwan Patel, Matthew Leli, Peter Zhang and Bunny Foo Foo Labs, LLC and enter an order:

A. Awarding Plaintiff the compensatory and consequential damages resulting from the acts complained of in this Count XIV, in amounts to be determined at trial;

B. Awarding Plaintiff punitive damages as a result of Defendants' tortious conduct;

C. Awarding statutory pre- and post--judgment interest on all amounts awarded; and

D. Providing for such other or further relief as the Court deems just and equitable.

**SCHLOSSBERG, ZHANG, PATEL ANSWER:** Defendants deny that Plaintiff is entitled to the relief requested in Count XIV.

## AFFIRMATIVE DEFENSES

Defendants Schlossberg, Zhang and Patel, without prejudice to the averments set forth in the Answer above, assert the following Affirmative Defenses:

## FIRST AFFIRMATIVE DEFENSE
### (Unclean Hands on the Part of Folding Light)

Plaintiff Folding Light has unclean hands in this matter because it willfully and wrongfully failed to compensate defendant Schlossberg after placing him on "garden leave," during which he was required to "refrain from providing services to any Person other than the Company" for a period of twelve months,  as described more fully in Schlossberg's counterclaim against Folding Light.

## SECOND AFFIRMATIVE DEFENSE
### (Sole Proximate Cause)

In the event it is determined that plaintiff Folding Light sustained any damages as a result of the allegations in the Complaint, plaintiff's damages were proximately caused solely by the acts, omissions and/or wrongful conduct of Member and Lead Manager, Brock Flagstad, precluding any recovery against these Defendants.

## THIRD AFFIRMATIVE DEFENSE
### (Estoppel)

Having valued the Company, and defendant Schlossberg's redeemable interest in the Company, at "zero" in October 2018,  Plaintiff Folding Light is estopped from asserting that the Company suffered damages as a result of Defendants' conduct thereafter.

## **FOURTH AFFIRMATIVE DEFENSE**

### **(Other Defenses)**

Defendants' investigation into the matters asserted in the Complaint is ongoing. Defendants reserve the right to amend their Answers and to incorporate additional affirmative defenses that may become available as a result of further discovery.

## **JURY DEMAND**

Pursuant to Fed. R. Civ. P. 38, Defendants Schlossberg, Zhang and Patel hereby demand a trial by jury on all issues so triable in the above-entitled cause.

## COUNTERCLAIM AND THIRD-PARTY COMPLAINT
## OF JONATHAN SCHLOSSBERG

Defendant, Counter-Claimant and Third-Party Plaintiff, Jonathan Schlossberg ("Schlossberg"), brings the following claims individually against Folding Light, LLC ("Folding Light"), and derivatively on behalf of Folding Light against Third-Party Defendant Brock Flagstad ("Flagstad"):

### The Parties

1.     Schlossberg is a citizen of the State of Illinois.  He is an original Manager and Member Folding Light.

2.     Folding Light is a Delaware limited liability company with its principal place of business located in Chicago, Illinois.

3.     Upon information and belief, Flagstad is a citizen of the State of Illinois, a Member of Folding Light, and acted at all material times as Folding Light's Lead Manager.

### Nature of Counter/Third-Party Action

4.     This Counter/Third-Party Complaint arises out of Flagstad's flagrant and unfettered abuse of his position as Lead Manager of Folding Light exclusively for his personal benefit – including diversion of hundreds of thousands of dollars from an LLC bank account to himself and entities he controls and misuse of Folding Light trading funds to pay operational expenses that were his obligation – to the detriment of other Members of Folding Light and in breach of his fiduciary duties.

124

5.      After Defendants and others discovered and confronted Flagstad with evidence of his misconduct, Flagstad caused Folding Light to breach the terms of the LLC Agreement by purporting to terminate Schlossberg, exercising the Company's right of redemption and valuing Schlossberg's redeemable interest at "zero," and placing him on "garden leave" for twelve months, without compensation.

6.      Flagstad caused Folding Light to file a baseless complaint depicting Folding Light as an ongoing business, notwithstanding his personal involvement in efforts to wind down the Company in September-October 2018, asserting factually unfounded claims against Schlossberg and others in a blatant attempt to misappropriate Intellectual Property and Trade Secrets, including original trading code that Schlossberg developed and ran on behalf of various entities years before meeting  Flagstad.

## Jurisdiction

7.      This Court has supplemental jurisdiction over this action pursuant to 28 U.S.C. §1367, because the claims are so related to the claims asserted in the Complaint providing original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

8.      Venue is proper in this Court pursuant to 28 U.S.C. §1391, as a substantial part of the events giving rise to the claims occurred in this district.

## Facts Common to All Counts

### (Pre - Folding Light)

9. Schlossberg has extensive experience devising coding strategies for use in the trading of securities and commodities. Prior to 2017, he was running both U.S. Treasury ("UST") and Emini futures ("ES") trades as part of a business that he started with a former partner and an employee of a company with which he had previously been affiliated.

10. In early 2017, Schlossberg and defendant Matthew Andrews ("Andrews"), decided to work together to form a trading business that would utilize the trading strategies that Schlossberg had run for several years, including both UST trades and the ES trades. Schlossberg rolled the UST and ES trading together, shortly before he started working with Andrews. The entity that Schlossberg was then running took care of the trading staff. Andrews focused on bringing in new accounts.

11. Schlossberg and Andrews were in the process of raising money for business operations when, in or about late Spring, 2017, Andrews introduced Schlossberg to Andrews' neighbor, Brock Flagstad, and Flagstad's business partner, defendant Kasey Klaas ("Klaas"). When Flagstad and Klaas were brought into the loop, the four began discussing the formation of a trading company that could use the strategies and coding application already developed by Schlossberg, on a larger scale.

12. In May, 2017, Schlossberg and Andrews were retained as independent contractors paid by Flagstad and Klaas. Schlossberg's primary job was maintaining and operating his existing trading operations. In addition, Schlossberg would have primary responsibility for designing a new architecture, redeveloping the existing electronic trading platform, and redeploying his existing coding strategies. It was always understood that any new company would own only new code that was developed. The existing application belonged to

Schlossberg, and Flagstad expressly did not want to purchase Schlossberg's company. Rather, he wanted to subsidize the creation of a new company. All parties understood that, should a new company not be created, anyone could walk away from the arrangement at any time.

13.     At the time Schlossberg and Andrews agreed to work toward a new operation with Flagstad and Klaas, Schlossberg was involved in three trading-related entities. Through those entities, Schlossberg ran substantively the same UST and ES trades that he would later run for Folding Light.

14.     At or around the end of 2017, a friend of Flagstad, Jim Streibich ("Streibich"), agreed to purchase 10% of the anticipated company for $2 Million, with the understanding that his investment would be used by the new company for trading capital, and not operational working capital.

**(Formation of Folding Light, LLC - May, 2018)**

15.     In early 2018, the parties engaged in discussions to formalize a business relationship. In late May, 2018, the parties executed the Folding Light, LLC Limited Liability Company Agreement (the "Agreement"). They backdated the Agreement to February 1, 2018 – the date on which Streibich's investment was viewed to be reasonably certain, and all parties were committed to launching the new entity. A copy of the LLC Agreement is attached to the Complaint as Exhibit A.

16.     In Q1 2018, Schlossberg worked with defendant Rizwan Patel ("Patel") to integrate Schlossberg's existing UST algorithm with an automated trading platform that, among other features, added manual intraday trading of the same signal and automated intraday

execution. By April, 2018, Schlossberg and Patel had finished the base infrastructure and were launching the UST trades on a new code track. They were also in the process of developing the intraday execution of the original ES signal, in advance of redeployment of the ES replacement code.

17. In addition to the core ES and UST trades, Folding Light attempted unsuccessfully to launch a crypto trading strategy. Crypto trading was ultimately deemed not viable due to issues relating to exchange technology, liquidity and exchange pricing models.

**(Malfeasance by Flagstad)**

18. The LLC Agreement designated Flagstad "Lead Manager" of Folding Light. Flagstad set up a Folding Light account at PNC Bank (the "PNC account") that he controlled.

19. In May 2018, Flagstad approached Schlossberg about using Bitcoin borrowed from the Mallers Family (the "Bitcoin loan") for a lending business that reportedly would return 10% monthly in free cash flow over the course of a year. Based on the expected return profile that justified the risk to Folding Light of carrying the trade, Schlossberg agreed to sell the Bitcoin and transfer the funds to the PNC account. Schlossberg shared with Flagstad his concern that, if Bitcoin were to fall precipitously, Folding Light would have difficulty making its margin requirement because all of the proceeds had been transferred to Folding Light's PNC account, and no portion was transferred to Folding Light's Advantage (clearing) account. In the event of a margin call, the Company would need to transfer money into the Advantage account or risk being forced to execute an unprofitable trade.

20.     In June or July 2018, the market value of Bitcoin fell, and Folding Light found itself in jeopardy of a margin call.  Schlossberg asked Flagstad for additional capital.  Flagstad initially transferred $250,000 into the Advantage account, representing that he was the source of the additional cash.  (In fact, the money was derived from Folding Light's PNC account – Bitcoin proceeds that Flagstad represented he had invested in the lending business.  Flagstad failed to advise Schlossberg that he and Klaas had been forced out of that business by their other partner, and that the money was never invested.)  Flagstad later advised Schlossberg that he was having "cash flow" issues and needed the money he had transferred  to the Advantage account returned to him.  Schlossberg scaled down Folding Light's trading to accommodate the request and returned $150,000 to Flagstad.

21.     Flagstad's cash flow issues continued.  Flagstad authorized vendor bills to be paid from the Advantage account, and did not replenish the payments.  At the time Folding Light was organized as an LLC, Flagstad and Klaas had agreed to pay the LLC's operating expenses from their own funds, rather than through trading capital.  Therefore, to the extent the bills related to the Company's operating expenses, they should not have been paid from Folding Light's Advantage account.

22.     In addition to the foregoing, Members discovered that Flagstad was siphoning money from Folding Light's PNC account (which held the proceeds from the Bitcoin liquidation) , directing it to himself and to one or more companies in which, upon information and belief, Flagstad has a controlling interest – including Financial Freedom Advisors ("FFA").  After  Members were able to gain access and review bank records for the PNC account, they confirmed that Flagstad had executed approximately 70 transactions between June 1 and July 24, 2018, including personal withdrawals and payment of expenses and salaries.  By depleting

Folding Light's PNC account containing the Bitcoin proceeds, Flagstad established an unhedged position in Folding Light's clearing account that created material risk for the Company.

23.     When confronted, Flagstad initially misled his fellow Members and Folding Light employees regarding the missing funds, claiming that they were in trading accounts.  After Members gained access to the PNC account and were able to confirm Flagstad's malfeasance, Flagstad confessed his theft of LLC funds in private conversations with Defendant Klaas and with Jim Streibich, and again in a meeting with multiple individuals present, including Defendants in this action.  Flagstad agreed to repay the money he had taken, forfeit his shares in Folding Light, and resign as Lead Manager and a Member of Folding Light.  Flagstad ultimately transferred only a portion of the funds he had withdrawn back into Folding Light's PNC account, characterizing the amounts as "loan repayment[s]."  Upon information and belief, Flagstad sourced those funds from Channel Clarity, another entity that Flagstad controls.

24.     Having discovered Flagstad's financial malfeasance, Members attempted to stop the mounting unpaid bills.  Schlossberg and Streibich demanded that the Mallers be repaid for the Bitcoin loan and that employees be paid.  Schlossberg had to liquidate trading positions in order to make creditors whole, causing the LLC to incur further losses directly resulting from Flagstad's misconduct.

**(Winding Down of Folding Light LLC - September/October, 2018)**

25.     By late September, 2018, it became clear that Flagstad had changed his mind about voluntarily giving up his role and interest in Folding Light.  Folding Light's five other Members agreed to formally request Flagstad's resignation.  Flagstad refused, and a wind down of the LLC was instituted.

26.     In September-October, 2018, the LLC was wound down at the direction of Folding Light's Management Committee.  Schlossberg exchanged numerous email and text communications with both Flagstad and Streibich to coordinate the termination of staff, payment for work performed, consolidation of code, preparation of computer equipment for sale, and termination of service agreements and joint ventures (including a deal with HC Technologies and an account with Devitt).  Unpaid bills continued to accumulate which, among other issues, resulted in loss of the production version of Folding Light's entire trading application and trading history (both UST and ES trades) when the vendor wiped the machine.

27.     In connection with the wind down, Members discussed the issuance of a release. Flagstad advised Schlossberg of his prerequisites for issuance of a release, including cessation of all trading activity and liquidation of all trading funds to US dollars.  By early October, Schlossberg confirmed that he had completed all of the prerequisites, including closure of all proprietary and managed trading activity and liquidation of the majority of the Bitcoin position to USD.  When it became clear that Flagstad would not issue the promised release, Streibich suggested that Schlossberg put together a draft that Members could execute.  Schlossberg and Andrews were the only Members who ultimately executed the release.

28.     In October, 2018, the Company was well into the wind down process.  Staff was let go.  Certain individuals, including defendant Riz Patel and others, were kept on to wrap up operations.  The majority of the work was completed, with the remaining work to be performed by Schlossberg and defendant Peter Zhang.  At that point, Schlossberg had consolidated the UST and ES trades, and begun decommissioning the Folding Light hardware.

29.     On October 31, 2018, with Flagstad still acting as Lead Manager, a letter of termination was issued to Schlossberg on behalf of Folding Light, purporting to terminate his "engagement as a contractor of the Company, effective immediately" and noting that it had been determined that his redeemable interests in the Company had a zero value.  The letter further advised Schlossberg that he was being placed on "garden leave" for 12 months, and that he must "refrain from providing services to any Person other than the Company" during that time.

30.     Schlossberg has not returned to the Folding Light offices since leaving on October 31, 2018.  Schlossberg has not attempted to access Folding Light's network or machines.  He has not directed anyone else to access Folding Light's network or erase any data.  Schlossberg has not worked in a competing industry since leaving Folding Light on October 31, 2018.

31.     On information and belief, Folding Light continues to possess property belonging to Schlossberg – including three servers and two Lenovo boxes – which were left at the Folding Light offices before Schlossberg was instructed not to return.  Schlossberg continues to be denied access to this property.

32.     On information and belief, Flagstad, Streibich and Folding Light have obtained cash and other assets belonging to Folding Light and have not used or disbursed such assets in conformity with their fiduciary duties and consistent with agreements between the Members.

## Count I

## Breach of Contract

### (Against Folding Light)

33.     Schlossberg realleges and incorporates by reference allegations 1 through 32, as though fully set forth herein.

34.     Section 6.5(c) of the LLC Agreement provides in relevant part that:

"Upon the Company's request, any Member who has notified the Company of his or her
resignation or has been terminated by the Company shall agree to a "garden leave" for a
period not to exceed twelve (12) months, as determined by the Management Committee,
during which period such Member shall (i) provide services to the Company from a
remote location, (ii) refrain from providing services to any Person other than the
Company, (iii) adhere to the other provisions of this Section 6.5 and (iv) be entitled to
compensation commensurate with the services provided."

(Complaint Ex. A, § 6.5(c)).

35.     At all relevant times, it was understood and agreed that the LLC could not prevent
Members from competing without paying them monthly "garden leave" for the restricted period
of time.

36.     Folding Light breached Section 6.5(c) of the LLC Agreement by, among other
things, failing to pay Schlossberg his monthly compensation of $20,833 (or any compensation
whatsoever), despite Schlossberg's agreement to make himself available to Folding Light to
provide any services he may be asked to perform (as evidenced by his offer to demonstrate
where to locate Folding Light's trading Platform on the computer that, upon information and
belief, remains in the exclusive possession of the Company) and to refrain from engaging in a
competing business.   Schlossberg has honored his garden leave obligations, but has not received
the funds bargained for in the LLC Agreement.

37.     The foregoing constitutes a material breach of Folding Light's obligation to Schlossberg under the terms of the LLC Agreement.

38.     Schlossberg has suffered and continues to suffer damages as a result of Folding Light's breach, including without limitation, loss of bargained for and alternate income.

WHEREFORE, Schlossberg respectfully requests that this Court enter judgment on Count I in his favor and against Counter-Defendant Folding Light, and order as follows:

A.      Awarding Schlossberg actual and compensatory damages;

B.      Imposing statutory pre-and post-judgment interest on amounts awarded;

C.      Awarding attorneys' fees and costs to Schlossberg pursuant to Section 11.6 of the LLC Agreement;

D.      Awarding such other relief as the Court deems just and equitable.

## Count II
## <u>Misappropriation of Trade Secrets</u>
### (Against Folding Light)

39.     Schlossberg realleges and incorporates by reference allegations 1 through 38, as though fully set forth herein.

40.     Schlossberg's original trading code and strategies, which includes both UST and ES trades, constitute proprietary Trade Secrets.

41.     Schlossberg's Trade Secrets are used to trade securities and commodities in national and international markets and, therefore, is used in, and intended for use in, interstate and foreign commerce.

42.     Schlossberg's Trade Secrets constitute confidential Intellectual Property that is not known to the general public, and from which he has derived independent economic value. His trading application can only be operated by Schlossberg, as he is the only person who understands both the UST and ES trades.

43.     Schlossberg has taken, and continues to take, reasonable efforts to maintain the confidentiality, secrecy and proprietary nature of the Trade Secrets. He has never shared with another human being information regarding how the trading signal for his application works, other than with his initial business partner with whom he had a non-disclosure agreement. Only Schlossberg and his former partner know how configure the basic formula for the algorithm necessary to run the application. Schlossberg's trades were intentionally designed to mitigate the risk of theft and obfuscate any third-party deployment.

44.     Folding Light has willfully misappropriated and intends to use Schlossberg's Trade Secrets – including Schlossberg's original UST trade and a copy of his ES trade that was not licensed to Folding Light or rebuilt using, Folding Light capital – for its own economic benefit, to Schlossberg's detriment.

45.     Folding Light acquired the Trade Secrets through improper means by terminating Schlossberg, barring him from returning to the premises, and placing him on garden leave which precluded him from using his Trade Secrets in a competing business for twelve months.

46.     Folding Light's misappropriation of Schlossberg's Trade Secrets has caused and continues to cause Schlossberg to suffer damages and  irreparable injury.

47.     Folding Light's misappropriation of Schlossberg's Trade Secrets is willful and malicious, entitling Schlossberg to an award of exemplary damages under the Defend Trade Secrets Act.

48.     Folding Light's misappropriation of Schlossberg's Trade Secrets has caused and will continue to cause Schlossberg to suffer irreparable and substantial harm that cannot be fully redressed through damages alone.  Therefore, Schlossberg is entitled to an injunction prohibiting Folding Light from using or disclosing his Trade Secrets.

WHEREFORE, Schlossberg respectfully requests that this Court enter judgment on Count II  in his favor and against Counter-Defendant Folding Light, and order as follows:

A.      Entering a preliminary and permanent injunction against Folding Light and any persons or entities under its control from using, copying, disclosing or otherwise making Schlossberg's Trade Secrets, Confidential Information and Intellectual Property available to any third party and from doing business using Schlossberg's Trade Secrets;

B.      Ordering Folding Light and any persons or entities under its control to return any and all copies of Schlossberg's Trade Secrets and Intellectual Property in Folding Light's possession or control, including but not limited to the copy of Schlossberg's ES trade and his servers that contain his original UST trade;

C.      Awarding actual and compensatory damages;

D.      Awarding restitution based upon the unjust enrichment to Folding Light;

E.      Awarding punitive or exemplary damages for Folding Light's willful and

malicious misappropriation of Schlossberg's Trade Secrets;

F.      Awarding statutory pre- and post-judgment interest on amounts awarded;

G.      Awarding such other relief as the Court deems just and equitable.

**Count III**

**<u>Unjust Enrichment</u>**

**(Against Folding Light)**

49.     Schlossberg realleges and incorporates by reference allegations 1 through 48, as though fully set forth herein.

50.     While employed at Folding Light, Schlossberg worked to rebuild a version of his proprietary  trading application that he could run for Folding Light, on a larger scale.   In connection, Schlossberg transferred a copy of his application to Folding Light's computers.

51.     Folding Light continues to possess a copy of Schlossberg's original ES trade that was not ultimately rebuilt and for which it does not hold a license.  Additionally, Schlossberg's original UST trade remains on Schlossberg's servers, which are in Folding Light's possession .

52.     Schlossberg has demanded return of his original, proprietary and confidential trades, but Folding Light has refused to comply.

53.     By virtue of the foregoing, Folding Light has been unjustly enriched at Schlossberg's expense.

WHEREFORE, Schlossberg respectfully requests that this Court enter judgment on Count III in his favor and against Counter-Defendant Folding Light, and order as follows:

A.    Awarding restitutionary damages based upon the unjust enrichment to Folding Light;

B.    Awarding statutory pre- and post-judgment interest on amounts awarded;

C.    Awarding such other relief as the Court deems just and equitable.

## Count IV

## Conversion of Schlossberg's IP

### (Against Folding Light)

54.    Schlossberg realleges and incorporates by reference allegations 1 through 53, as though fully set forth herein.

55.    At the time Schlossberg began working with Flagstad and Klaas as an independent contractor, Schlossberg had fully developed and utilized the code and strategies for both the UST and ES trades in various entities with trading history dating back several years. Trading performance from Schlossberg's past implementations was used in the process of raising investors prior to the formation of Folding Light. Schlossberg entered into discussions with Flagstad possessing trades that had been traded in production and whose logic was completed prior to the creation of Folding Light.

56.    At the time Members executed the LLC Agreement in May, 2018, they agreed to backdate the Agreement to February 1, 2018 – making February 1, 2018 the demarcation date for IP ownership.

57.     Section 6.6(b) of the LLC Agreement provides in relevant part:

"(b) Each Member agrees that (i) to the extent permitted by Applicable Law, **all such Intellectual Property Created after the date of this Agreement (collectively, the "LLC IP") shall be deemed a "work made for hire"** within the meaning of that term under United States Copyright Act, 17 U .S.C. §§ 101 et seq., as amended or superseded, and (ii) the Company shall be deemed the exclusive author of such LLC IP and the exclusive owner of all rights, title and interest in and to such LLC IP in any and all media, languages, territories and jurisdictions throughout the world, now known or hereafter devised." (Emphasis added.)

(Complaint Ex. A, § 6.6(b))(emphasis added).  Pursuant to Section 6.6(b) of the LLC Agreement, any Intellectual Property created before February 1, 2018 is not owned by Folding Light.

58.     Although Folding Light capital was used in the redevelopment of an existing electronic platform and redeployment of existing code strategies, both the UST and ES trades were Schlossberg's strategies from previous invention.  Schlossberg's existing UST trade was migrated onto Folding Light's IP implementation, and Schlossberg's original hardware and code implementation were deprecated.  Folding Light remains in possession of that hardware (three servers) and, by virtue, the only copy of Schlossberg's original UST code.  Folding Light's ES trade was run on Schlossberg's proprietary code with the explicit understanding that Folding Light would subsidize the development of its own implementation.  This never occurred because, prior to scheduled completion, Flagstad's malfeasance necessitated wind down of the company.  Folding Light never owned or licensed the preexisting ES trade, and a copy remains on a machine at Folding Light.

59.     Folding Light intentionally interfered with Schlossberg's ownership rights by terminating his services, refusing to allow him to return to the premises and placing him on "garden leave" that precludes him from using his trading IP in a competing business.

60.     On information and belief, Folding Light has shared Schlossberg's proprietary code with third parties without his consent, in connection with an effort to re-start the business following Defendants' terminations.

61.     Folding Light's interference has deprived Schlossberg of possession or use of the IP at issue and caused Schlossberg to suffer damages, including, but not limited to, loss of present and substantial future income.

WHEREFORE, Schlossberg respectfully requests that this Court enter judgment on Count II in his favor and against Counter-Defendant Folding Light, and order as follows:

A.     Awarding Schlossberg actual and compensatory damages;

B.     Imposing statutory pre-and post-judgment interest on amounts awarded;

C.     Awarding attorneys' fees and costs to Schlossberg pursuant to Section 11.6 of the LLC Agreement;

D.     Awarding such other relief as the Court deems just and equitable.

## Count V

## Conversion of Schlossberg's Equipment

## (Against Folding Light)

62.     Schlossberg realleges and incorporates by reference allegations 1 through 61, as though fully set forth herein.

63.     The letter purporting to effect Schlossberg's termination directs him not to return to Folding Light's offices.

64.     When he left the Folding Light offices on October 31, 2018, Schlossberg left behind three servers and two Lenovo machines ("Schlossberg's equipment").

65.     When defendant Klaas subsequently moved out of the Folding Light offices, Schlossberg's equipment was not moved along with the equipment belonging to Klaas.  Upon information and belief, Schlossberg's equipment remains at the Folding Light offices.

66.     The subject property rightfully belongs to Schlossberg, contains proprietary data that was running from Schlossberg's former entity, and Folding Light did not have the right to take possession or control of said property.

67.     Folding Light's conversion of the equipment has deprived Schlossberg of continued use of his equipment and otherwise caused him to suffer damages.

WHEREFORE, Schlossberg respectfully requests that this Court enter judgment on Count III in his favor and against Counter-Defendant Folding Light, and order as follows:

A.      Directing Folding Light to return the subject equipment to Schlossberg or, in the

alternative, awarding Schlossberg actual and compensatory damages;

B.       Imposing statutory pre-and post-judgment interest on amounts awarded;

C.       Awarding attorneys' fees and costs to Schlossberg pursuant to Section 11.6 of the

LLC Agreement;

D.       Awarding such other relief as the Court deems just and equitable.

## Count VI

## Conversion of Folding Light Property

### (Derivatively on Behalf of Folding Light, Against Flagstad)

68.       Schlossberg realleges and incorporates by reference allegations 1 through 67, as

though fully set forth herein.

69.       Streibich's investment of $2 million in Folding Light in or about May, 2018, in

exchange for a 10% ownership interest, was at understood and agreed to be earmarked for the

LLC's trading capital, and not to be used for operational working capital.

70.       Folding Light's trading capital was an asset owned by Folding Light, to which

Flagstad had no ownership right, nor any right to use for any other purpose.

71.       In June-July 2018, upon information and belief, Flagstad wrongfully diverted

approximately $340,000.00 of Folding Light's Trading Capital to himself or to one or more

companies that he controls, including FFA.

72.       Flagstad's transfer of the Trading Capital constituted a conversion of Folding

Light's assets and a misappropriation thereof for himself.

73.     Folding Light's Members demanded that Flagstad to repay the assets converted. Although Flagstad confessed to the misappropriation on repeated occasions and agreed to repay the funds, Schlossberg understands and believes that only approximately $245,000 of the total amount converted has been repaid.  Upon information and belief, approximately $95,000 of the converted Folding Light trading capital remains in the possession and/or control of Flagstad.

74.     On information and belief, Flagstad and Streibich have wrongfully assumed control and/or ownership of additional Folding Light funds and/or assets that have never been repaid or returned to the Company.  On information and belief, Flagstad and/or Streibich have wrongfully caused additional Folding Light funds and/or assets to be removed from Folding Light accounts or control and wrongfully delivered to one or more third parties, which funds or assets have never been repaid or returned to the Company.

75.     Schlossberg and other Members demanded  that Flagstad resign as a Folding Light Member, step down as Lead Manager and repay the Folding Light assets he converted for his own use.  Upon information and belief , Flagstad  repaid only a portion of the subject funds, and he refused to resign as a Member or step down as Lead Manager.  On information and belief, Flagstad continues to act as Lead Manager of Folding Light.  Therefore,  making a demand that Folding Light investigate and prosecute Flagstad's wrongdoing as set forth above is likely to be futile and, therefore, is excused.

WHEREFORE, Schlosberg respectfully requests that the Court enter judgment on Count IV in favor of Folding Light and against Third-Party Defendant Flagstad ,and order as follows:

A.  Awarding actual and compensatory damages to Folding Light;

B.  Awarding statutory pre- and post-judgment interest on all amounts awarded;

C.  Awarding attorneys' fees and costs to Schlossberg pursuant to Section 11.6 of the LLC Agreement;

D.  Awarding such other or further relief as the court deems just and equitable.

## Count VII

## Breach of Fiduciary Duties

### (Derivatively on Behalf of Folding Light, Against Flagstad)

76.      Schlossberg realleges and incorporates by reference allegations 1 through 75, as though fully set forth herein.

77.      As Lead Manager charged with responsibility for running the LLC, Flagstad owed and still owes duties to the Members and other Managers, including Schlossberg:

    a.       to act in good faith and promote the interests of the LLC;

    b.       to refrain from engaging in grossly negligent or reckless conduct, intentional misconduct, or a knowing violation of the law; and

    c.       to account to Folding Light and hold as trustee any property, profit, or benefit derived in the conduct or winding up of Folding Light's business or from use by him of Folding Light's property, including appropriation of a Folding Light opportunity, and to act fairly when winding up of Folding Light's business

*See* 805 ILCS 180/15-3(b).

144

78.     Flagstad breached his fiduciary duties of loyalty and care to Folding Light by, among other things, engaging in the conduct alleged with specificity in paragraphs 18 through 33 above.

79.     Flagstad's breaches of his fiduciary duties of loyalty, care and good faith and fair dealing were intentional, willful, wanton and/or malicious given, among other things, that they were intended to benefit Flagstad at the expense, and to the detriment, of Folding Light, Schlossberg and others.

80.     Folding Light has suffered and continues to suffer damages as a result of Flagstad's misconduct and breaches of the LLC Agreement, including, without limitation, the loss of the value of its business and relationships with its Investors.

81.     As a direct and proximate result of Flagstad's breaches of his fiduciary duties described herein, Schlossberg is informed and believes that Folding Light has been damaged in an amount exceeding One Million Dollars ($1,000,000.00).

82.     Schlossberg and other Members demanded  that Flagstad resign as a Folding Light Member, step down as Lead Manager and repay the Folding Light assets he converted for his own use.  Upon information and belief , Flagstad  repaid only a portion of the subject funds, and he refused to resign as a Member or step down as Lead Manager.  On information and belief, Flagstad continues to act as Lead Manager of Folding Light.  Therefore,  making a demand that Folding Light investigate and prosecute Flagstad's wrongdoing as set forth above is likely to be futile and, therefore, is excused.

WHEREFORE, Schlossberg respectfully requests that the Court enter judgment on Count V in favor of Folding Light and against Third-Party Defendant Flagstad, and order as follows:

A. Awarding actual and compensatory damages to Folding Light based upon the unjust enrichment to Flagstad as a result of his willful and malicious conduct;

B. Awarding punitive or exemplary damages to Schlossberg and to Folding Light for Flagstad's willful and malicious conduct;

C. Awarding statutory pre- and post-judgment interest on all amounts awarded;

D. Barring Flagstad from sharing in any amounts recovered by virtue this derivative claim;

E. Awarding such other or further relief as the court deems just and equitable.

## Count VIII

## <u>Dissolution of Folding Light</u>

83. Schlossberg realleges and incorporates by reference allegations 1 through 82, as though fully set forth herein.

84. Pursuant to 805 ILCS 180/35-1(a)(5)(A), a judicial decree of dissolution of an LLC may be entered upon application of a member where the manager(s) of the LLC have acted, are acting, or will act in a manner that is illegal or fraudulent.

85. Pursuant to 805 ILCS 180/35-1(a)(5)(B), a judicial decree of dissolution of an LLC may be entered upon application of a member where the manager(s) of the LLC have acted

and/or are acting in a manner that is oppressive and was, is, or will be directly harmful to the applicant.

86.     Pursuant to 805 ILCS 180/35-1(a)(4)(C), a judicial decree of dissolution of an LLC may be entered upon application of a member where it is not reasonably practicable to carry on the company's business in conformity with the articles of organization and the operating agreement.

87.     By engaging in the conduct described herein, Flagstad has acted in a manner that is illegal, fraudulent and oppressive and which was, is, and continues to be directly harmful to Folding Light's Members, including Schlossberg.  In addition, it is not reasonably practicable to carry on Folding Light's business in conformity with the LLC Agreement as a result of Flagstad's conduct, which also precipitated other incapacitating events.

88.     Based on the foregoing, this Court should order a dissolution of Folding Light and require that Folding Light wind up its business and distribute its assets in accordance with 805 ILCS 180/35-4 and 805 ILCS 180/35-10, including, without limitation, application of Folding Light's assets to pay amounts owed to Schlossberg and others for "garden leave" and other damages owed.

WHEREFORE, based on the above allegations, Schlossberg respectfully seeks an order of dissolution against  Folding Light, payment of all amounts owed by Folding Light to Schlossberg and others in connection with the winding up of Folding Light's business, payment of Schlossberg's attorney's fees and costs of suit herein, and such other relief as the Court deems reasonable, just and equitable.

## Count IX

## <u>Appointment of Liquidating Receiver</u>

89.     Schlossberg realleges and incorporates by reference allegations 1 through 88, as though fully set forth herein.

90.     Pursuant to 805 ILCS 180/35-4(e)(1), the Court may order judicial supervision of the winding up of a dissolved limited liability company, including appointment of a person to wind up the LLC's business, upon application of a member, where the applicant establishes good cause.

91.     As described herein, Flagstad, acting as Lead Manager of Folding Light, has misapplied and wasted LLC assets and acted in a manner that is illegal, fraudulent and oppressive.  Flagstad's conduct was, is, and continues to be directly harmful to Folding Light's Members.  It is not reasonably practicable to permit Flagstad to wind up Folding Light's business and distribute its assets in accordance with 805 ILCS 180/35-4 and 805 ILCS 180/35-10.

92.     Following entry of an order of dissolution, and based on 805 ILCS 180/35-4(e)(1), this Court should appoint a neutral third-party to wind up the business and distribute the assets of Folding Light, including payment of all amounts owed to Folding Light's Members.

WHEREFORE, based on the above allegations, Schlossberg respectfully requests that this Court enter an order appointing a neutral third-party receiver to wind up the business and distribute the assets of Folding Light, directing payment of Schlosberg's attorneys' fees and costs of suit herein, and awarding such other relief as the Court deems reasonable, just and equitable.

## **JURY DEMAND**

Pursuant to Fed. R. Civ. P. 38, defendant Schlossberg hereby demands a trial by jury on all issues so triable in the above-entitled cause.

Respectfully submitted,

August 30, 2019

By:/s/ Barrie L. Brejcha

Attorney for  Jonathan Schlossberg,
Peter Zhang and Rizwan Patel

Barrie L. Brejcha (ARDC #6190614)
BAKER McKENZIE LLP
300 E. Randolph St., Suite 5000
Chicago, Illinois  60601
Office: (312) 861-2782
barrie.brejcha@bakermckenzie.com

## Certificate of Service

The undersigned, an attorney, deposes and states that I caused a copy of **JONATHAN SCHLOSSBERG'S, PETER ZHANG'S AND RIZWAN PATEL'S ANSWERS AND AFFIRMATIVE DEFENSES TO COMPLAINT, AND JONATHAN SCHLOSSBERG'S COUNTERCLAIM AND THIRD-PARTY COMPLAINT FOR DAMAGES AND OTHER RELIEF** to be served upon counsel of record via the Court's ECF system this 30th day of August, 2019.

By: /s/ Barrie L. Brejcha

Attorney for Jonathan Schlossberg,
Peter Zhang and Rizwan Patel

August 30, 2019

Barrie L. Brejcha (ARDC #6190614)
BAKER McKENZIE LLP
300 E. Randolph St.
Suite 5000
Chicago, Illinois 60601
Office: (312) 861-2782
barrie.brejcha@bakermckenzie.com