UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| FOLDING LIGHT, LLC, | ) | |
| | ) | Case No. 19-cv-03949 |
| | ) | |
| | ) | Hon. Martha M. Pacold |
| Plaintiff, | ) | |
| | ) | Magistrite Judge David Weisman |
| v. | ) | |
| | ) | |
| KASEY KLAAS, MATTHEW ANDREWS, | ) | |
| JON ANDREWS, RIZWAN PATEL, | ) | |
| MATTHEW LELI, PETER ZHANG, and | ) | |
| BUNNY FOO FOO LABS, LLC | ) | |
| | ) | |
| Defendants. | ) | |

**THIRD-PARTY DEFENDANT BROCK FLAGSTAD'S**
**MOTION TO DISSOLVE FOLDING LIGHT AND APPOINT LIQUIDATING AGENT**

Third-Party Defendant Brock Flagstad ("Flagstad") for his Motion to Dissolve Folding Light and Appoint Liquidating Agent states as follows:

**Introduction**

Folding Light is effectively deadlocked due to a disagreement between the only two active Managers, Flagstad and James Streibich ("Streibich"), regarding how to proceed with the current litigation. The Court should use its authority under the Delaware and/or Illinois Limited Liability Company Acts to appoint Flagstad as a liquidating agent or trustee to wind up this litigation specifically and Folding Light generally.

**Background**

On February 1, 2018, Flagstad, Kasey Klaas ("Klaas"), Jonathan Schlossberg ("Schlossberg"), Matthew Andrews ("Andrews"), Rick Sterioti ("Sterioti"), and James Streibich ("Streibich"), as representative of the James Streibich Revocable Trust of 2002, entered into the

Folding Light, LLC Limited Liability Company Agreement (the "LLC Agreement"). *See* (Exhibit A, LLC Agreement).

Pursuant to the LLC Agreement, Folding Light is managed by a Management Committee:

> . . . the business and affairs of the Company shall be managed under the direction of its Managers (collectively, the "Management Committee"). Except as otherwise specifically provided herein or by Applicable Law, the Management Committee shall have full, exclusive and complete discretion to manage and control the business and affairs of the Company, to make all decisions affecting the business and affairs of the Company and to take all such actions as the Management Committee deems necessary or appropriate to accomplish the purposes of the Company as set forth herein (including without limitation the making of decisions affecting investments, distributions and compensation).

(Ex. A, § 6.1(a)). The LLC Agreement states the following regarding decisions of the Management Committee:

> With respect to any matter submitted or required to be submitted for the approval or consent of the Managers, the affirmative vote of the majority of the Managers, which shall constitute the approval or consent of the Managers; provided, (i) no vote of the Managers on any matter shall be conducted without the vote of the Lead Manager, (ii) no matter shall be submitted to a vote of the Managers, whether pursuant to an in-person or telephonic meeting or (without meeting) by written consent unless such vote has been convened or such consent has been solicited by the Lead Manager.

(*Id.* at § 6.1(i)).

The initial Management Committee was comprised of Flagstad, Schlossberg, and Streibich. (*Id.* at § 6.1(d)). Pursuant to the LLC Agreement, Flagstad is the Lead Manager of Folding Light. (*Id.* § 6.1(i)). On October 31, 2018, after Schlossberg was terminated by Folding Light, a majority of the remaining Members appointed Sterioti to the Manager position vacated by Schlossberg thus making him the third member of the Management Committee. *See* (Exhibit B, October 31, 2018 Consent of Members.) Since that time, Folding Light has ceased operations

and Sterioti has found other employment. Sterioti has not participated in Folding Light's decisions regarding this litigation and has not answered requests to break the current deadlock.

Disputes with Streibich

Flagstad and Streibich had been operating Folding Light together as the Management Committee, including by approving the filing of Folding Light's Complaint in this matter and directing Folding Light's course of litigation. However, on April 2, 2020, Streibich filed a Complaint against Flagstad in Case No. 20 cv 2242 *The James Streibich Revocable Trust of 2002 v. Brock H. Flagstad et al.*, in the United States District Court for the Northern District of Illinois (the "Streibich Complaint"). The Streibich Complaint seeks recovery of Streibich's investment in Folding Light as well as repayment of a loan from Folding Light to Oxford Marketing Partners, LLC ("Oxford Marketing Partners") an entity in which Flagstad has an interest.[1] Flagstad denies the claims made in the Streibich Complaint.

Proceeding With Litigation

Flagstad and Streibich are at odds over how to proceed with the current litigation. When Folding Light initiated the litigation, Flagstad and Streibich agreed that it was necessary to bring claims against Defendants for the use of Folding Light's intellectual property for their own benefit. Since that time, Folding Light has: (1) conducted several informal interviews with various defendants; (2) obtained documents and affidavits from Defendants Jonathan Schlossberg and Peter Zhang; (3) and settled with Defendants Matthew Leli, Jonathan Schlossberg, Peter Zhang, and Rizwan Patel. Now, Flagstad and Streibich fundamentally disagree as to how to proceed with the case.

---

[1] Streibich executed a Revolving Credit Agreement with Oxford Marketing Partners on behalf of Folding Light.

**Legal Standard**

Under the LLC Agreement:

8.1. Dissolution. The Company shall only be dissolved upon the first to occur of the following:

(a) The unanimous approval of the Members of the Company; and

(b) At the time of entry of a decree of judicial dissolution under subsection 4 of Section 180/35-1 of the Act.

(Ex. A at § 8.1.) The LLC Agreement defines the "Act" as "the Delaware Limited Liability Company Act, as amended from time to time." (*Id.* at Article 1.) However there is no Section 180/35-1 in the Delaware Limited Liability Company Act.

In the event Folding Light is dissolved, the LLC Agreement states that "a Manager appointed by the Management Committee or a liquidating agent appointed by the Managers (the Manager or liquidating agent hereinafter referred to as the 'Liquidating Agent'), shall commence to wind up the affairs of the Company and to liquidate the Company's assets." (*Id.* at § 8.2.)

*Illinois Law*

Under 805 ILCS 180/35-1(a)(4), a limited liability company may be dissolved "[o]n application by a member or a dissociated member, upon entry of a judicial decree that: (A) the economic purpose of the company has been or is likely to be unreasonably frustrated; (B) the conduct of all or substantially all of the company's activities is unlawful; (C) it is not otherwise reasonably practicable to carry on the company's business in conformity with the articles of organization and the operating agreement." 805 ILCS 180/35-1(a)(4). A court can "order judicial supervision of the winding up of a dissolved limited liability company, including the appointment of a person to wind up the company's business: . . . (3) in connection with a proceeding under [805 ILCS 180/35-1(a)(4)]." 805 ILCS 180/35-4(e)(3).

4

*Delaware Law*

Under § 18-801 of the Delaware Limited Liability Company Act, "[a] limited liability company is dissolved and its affairs shall be wound up upon the first to occur of the following . . . (5) The entry of a decree of judicial dissolution under § 18-802 of this title." 6 Del. C. § 18-801(a)(5). Under § 18-802 of the Delaware Limited Liability Company Act, "[o]n application by or for a member or manager the Court of Chancery may decree dissolution of a limited liability company whenever it is not reasonably practicable to carry on the business in conformity with a limited liability company agreement." 6 Del. C. § 18-802. When considering judicial dissolution under Delaware law, a court considers, among other things: "1) whether there is deadlock between the members at the board level; 2) whether the operating agreement gives a means of navigating around the deadlock; and 3) whether, due to the company's financial position, there is still a business to operate." *Lola Cars Int'l Ltd. v. Krohn Racing, LLC*, Nos. 4479-VCN, 4886-VCN, 2010 Del. Ch. LEXIS 176, at *126 (Del. Ch. Aug. 2, 2010).

Additionally, under Delaware law, a court "upon cause shown, may wind up the limited liability company's affairs upon application of any member or manager, or the member's personal representative or assignee, and in connection therewith, may appoint a liquidating trustee." 6 Del. C. § 18-803(a).

*Federal Equitable Power*

Federal district courts have broad equitable powers over the cases in front of them. "Unless otherwise provided by statute, all the inherent equitable powers of the District Court are available for the proper and complete exercise of [its equitable] jurisdiction." *FTC v. Credit Bureau Ctr., LLC*, 937 F.3d 764, 776 (7th Cir. 2019); s*ee also Metro. Hous. Dev. Corp. v. Vill. of Arlington Heights*, 469 F. Supp. 836, 858 n.23. (N.D. Ill. 1979) ("The equity jurisdiction of the

5

federal courts traditionally has permitted the fashioning of broad and flexible decrees molded to the necessities of the individual case.")  For example, "[f]ederal courts have an inherent equitable power to appoint a receiver to manage . . . assets during the pendency of litigation." *Matter of McGaughey*, 24 F.3d 904, 907 (7th Cir. 1994); *see also* Fed. R. Civ. P. 66 (allowing for the appointment of a receiver).  However, even where the situation does not call for the appointment of a receiver, a court may in "exercise of its equitable powers" direct parties "to institute . . . ancillary measures pending this litigation."  *Voso v. Ewton*, No. 16-cv-00190, 2016 U.S. Dist. LEXIS 48659, at *46-47 (N.D. Ill. Apr. 12, 2016).

## Argument

The ongoing disagreement between Flagstad and Streibich has deadlocked Folding Light in this litigation.  Without court guidance or intervention, Folding Light will be paralyzed over how to proceed with this litigation.  Therefore, the Court should use its authority under the Delaware and/or Illinois Limited Liability Company Acts to appoint Flagstad as a liquidating agent or trustee for the purpose of this litigation.

Folding Light is deadlocked and should be dissolved and its remaining business wound up.  The LLC Agreement calls for decisions to be made by a majority of the Management Committee.  (Ex. A, § 6.1(a), (i)).  Two of the three members of the Management Committee, Flagstad and Streibich, disagree on how to proceed with the current litigation.  The third member of the Management Committee, Sterioti, is unwilling to break the deadlock.  Both Delaware and Illinois law provide that dissolution is warranted where a deadlock exists and the company is unable to carry out its affairs.  *See* 805 ILCS 180/35-1(a)(4); *Lola Cars Int'l Ltd.*, 2010 Del. Ch. LEXIS 176 at *126.  Folding Light has been unable to carry out its affairs as a trading company since Defendants disabled Folding Light's ability to carry out trading.  The recent deadlock only

6

further diminishes Folding Light's ability to carry out any actions whatsoever. Streibich and Flagstad fundamentally disagree on the prosecution of Folding Light's claims. With Sterioti unwilling to weigh in, the Management Committee of Folding Light is essentially deadlocked as to these issues.

The Court should appoint Flagstad as the liquidation manager to wind up Folding Light's remaining business. Generally speaking, there are only two pieces of outstanding business for Folding Light. One is this litigation and the other is repayment of the loan between Folding Light and Oxford Marketing Partners. The LLC Agreement states that a Manager selected by the Management Committee or an individual selected by the Managers can serve as a liquidating agent to wrap up Folding Light's business. (Ex. A at § 8.2.) Given the current deadlock, it is unlikely that Folding Light's managers will be able to agree to a liquidating agent for the entire business or even for the limited purpose of this litigation. Both Delaware and Illinois law provide for judicial supervision over winding up a company's business and appointing an individual to oversee that winding up. *See* 6 Del. C. § 18-803(a); 805 ILCS 180/35-4(e)(3).

As Lead Manager, no vote can be taken without Flagstad's vote and no matter can be submitted to a vote of the Managers without Flagstad's consent. (Ex. A at § 6.1(i)). Additionally, Flagstad has consistently advocated to make litigation-related decisions that make efficient use of Folding Light's remaining assets. Flagstad is also involved in the other main piece of Folding Light's remaining business, the repayment of the loan between Folding Light and Oxford Marketing Partners. Essentially, Flagstad is the only party who is not seeking claims against Folding Light. Additionally, a third-party liquidating agent would only lead to further costs and diminution of Folding Light's remaining assets. Flagstad would seek to return the

7

funds to Folding Light and efficiently conduct this litigation. This Court should appoint Flagstad to wind up Folding Light's remaining business.

WHEREFORE, Third-Party Defendant Brock Flagstad respectfully requests that this Honorable Court: (1) grant his Motion to Dissolve Folding Light and Appoint Liquidating Agent; (2) appoint Flagstad as liquidating agent for Folding Light; and (3) for such other and further relief as this Court deems just in Flagstad's favor.

October 22, 2020                      Respectfully submitted,

                                              BROCK FLAGSTAD


                                              By:   /s/ Matthew J. Schmidt
                                                                  One of his attorneys

Stan Sneeringer (#6256693)
Matthew Schmidt (#6306931)
PEDERSEN & HOUPT
161 North Clark Street, Suite 2700
Chicago, Illinois 60601
(312) 641-6888
ssneeringer@pedersenhoupt.com
mschmidt@pedersenhoupt.com

*Attorneys for the Defendants*

**CERTIFICATE OF SERVICE**

      I, Matthew J. Schmidt, an attorney, certify that I caused to be served the foregoing, **THIRD-PARTY DEFENDANT BROCK FLAGSTAD'S MOTION TO DISSOLVE FOLDING LIGHT AND APPOINT LIQUIDATING AGENT**, upon the following:

| | |
|---|---|
| Dean J. Polales | Brian C Haussmann |
| Timothy E. Horton | Jacob Bradley Berger |
| Polales Horton LLP | Tabet Divito & Rothstein LLC |
| 53 W. Jackson Blvd., Suite 928 | 209 S. LaSalle St., 7th Floor |
| Chicago IL 60604 | Chicago, IL 60604 |
| thorton@polaleshorton.com | bhaussmann@tdrlawfirm.com |
| | jberger@tdrlawfirm.com |
| | |
| Susan L. Harrison | Nancy Anne Temple |
| Harrison Law and Mediation | Katten & Temple, LLP |
| 1500 Rosecrans Ave., Suite 500 | 209 S. LaSalle Street, Suite 950 |
| Manhattan Beach, CA 90266 | Chicago, IL 60604 |
| Susan@HLMattorneys.com | ntemple@kattentemple.com |

William K. Kane, Esq.
SHEPPARD MULLIN RICHTER & HAMPTON LLP
Three First National Plaza
70 West Madison Street, 48th floor
Chicago, Illinois 60602
wkane@sheppardmullin.com

by electronic mail at or before 5:00 p.m. on this 22nd day of October, 2020.

                                                                  /s/ Matthew J. Schmidt