**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| FOLDING LIGHT, LLC ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 19 CV 03949 |
| ) | |
| KASEY KLAAS, MATTHEW ANDEWS ) | |
| JON SCHLOSSBERG, RIZWAN PATEL ) | |
| MATTHEW LELI, PETER ZHANG, and ) | |
| BUNNY FOO FOO LABS, LLC. ) | |
| ) | |
| Defendants. ) | |

**RESPONSE IN OPPOSITION TO BROCK FLAGSTAD'S MOTION TO DISSOLVE
FOLDING LIGHT AND APPOINT LIQUIDATING AGENT**

Defendants/Counter-Plaintiffs, Kasey Klaas ("Klaas") and Bunny Foo Foo Labs, LLC ("Bunny Foo Foo Labs") for their Response in Opposition to Brock Flagstad's Motion to Dissolve Folding Light and Appoint Liquidating Agent (the "Motion to Dissolve") state as follows:

**INTRODUCTION**

The Motion to Dissolve is merely a poorly disguised attempt by Flagstad to dispose of this case prior to the parties' conducting discovery related to the numerous claims of corporate malfeasance against him and it is a blatant attempt to forever hide his many financial misdeeds. The idea that Mr. Flagstad himself would act as the liquidating agent, overseeing Folding Light's liquidation, is the equivalent of putting a fox in charge of overseeing a hen house. At the end of the day, Flagstad's Motion to Dissolve Folding Light is procedurally improper, and the Court lacks authority to dissolve a corporation without hearing any evidence. The Motion must be denied.

First, under neither Delaware nor Illinois law[1] does the Court have authority to take the drastic measures of first dissolving Folding Light and then appointing Flagstad liquidating agent upon a simple, unverified motion by Flagstad himself. Even if the Motion is treated as an "Application" for dissolution, which it is not, Flagstad has presented absolutely no evidence to support his Motion. There is no evidentiary basis for the Court to order dissolution. In fact, Flagstad has produced no documents in this case, and the parties are only in the infancy of discovery overall. Moreover, the very law governing a dissolution itself, as outlined under the Folding Light, LLC Limited Liability Company Agreement (the "Operating Agreement")[2], is even unclear and requires discovery.

Second, and very importantly, should the Court decide that it can order a dissolution of Folding Light, it is certain that Flagstad – a man accused of pillaging the bank accounts of Folding Light to fund his own lavish lifestyle – should not be appointed liquidating agent of Folding Light. Based on Flagstad's flagrant misuse of Folding Light's resources, as alleged in the cross claims and third-party claims herein, as well as the eight-count Complaint—including allegations of fraud, theft, and conspiracy—by Streibich against Flagstad and several of his businesses, Flagstad's appointment as receiver would only serve to further cover up his misdeeds.

## BACKGROUND

Folding Light is a Delaware Limited Liability Company that was formed to be an algorithmic trading company. (Complaint, ECF No. 1, ¶¶20-21). In the Spring of 2017, Klaas, Flagstad, Matthew Andrews ("Andrews"), and Jon Schlossberg began discussing the creation of a

---

[1] As explained below, there is a preliminary question as to whether Illinois or Delaware law governs a theoretical dissolution of Folding Light. The Operating Agreement refers to the Delaware Limited Liability Company Act as its governing law but, in the section of the Operating Agreement that sets forth the criteria for dissolution, the Operating Agreement cites to the Illinois Limited Liability Company Act.

[2] A copy of the Operating Agreement is attached to the Motion to Dissolve, ECF 100, as Exhibit A.

company for algorithmic trading, which eventually became Folding Light. *Id*. at ¶19. On February 1, 2018, Flagstad, Klaas, Andrews, Rick Sterioti ("Sterioti"), and Streibich, as representative of the James Streibich Revocable Trust of 2002, entered into the LLC Agreement. (Id. at ¶25).

The initial Management Committee was comprised of Flagstad, Schlossberg, and Streibich. (*Id*. at Ex. A. § 6.1(d)). Andrews, Rizwan Patel ("Patel"), and Peter Zhang ("Zhang") were retained as independent contractors for Folding Light. (*Id*. at ¶¶10, 12, 14).

Shockingly, only a matter of weeks after the Operating Agreement was executed, Flagstad, unbeknownst to the other Members at the time, began siphoning money from Folding Light's accounts to himself and other companies in which Flagstad had the controlling interest. (Andrews Crossclaim/Third-Party Claim, ECF No. 34, ¶17; Klaas Crossclaim/Third Party Claim, ECF 38, ¶ 14).

Over the seven-week period between June 1 and July 24, 2018, Flagstad misappropriated approximately $890,000.00 and managed to transfer $340,000.00 of Folding Light funds to himself and one of his entities, Freedom Financial Advisors ("FFA"). (ECF No. 34 at ¶¶18-21; ECF No. 38 at ¶¶ 14-16).

On September 7, 2018, Klaas and others from Folding Light discovered that Flagstad had transferred cash from Folding Light into his own accounts. (ECF No. 38, ¶19) Later, on September 10, 2018, in a meeting with Klaas, Streibich and other members of the Folding Light team, Flagstad admitted that he misappropriated the funds from Folding Light, and he agree to pay the money back. But Flagstad only returned $250,000.00 of the money owed to Folding Light. *Id*. at ¶20-21.

After attempts to remove Flagstad as Lead Manager failed, Flagstad convinced Streibich to partner with him to run Folding Light. *Id*. at ¶27. Thereafter, on October 31, 2018, Flagstad,

with Streibich's approval, fired Schlossberg (the head of trading) and Andrews – two key Folding Light employees, which effectively ended Folding Light. *Id* at 28.

Although it does not appear to be documented, according to the Motion to Dissolve, after Schlossberg was terminated by Folding Light, a majority of the remaining Members appointed Sterioti to the Manager position vacated by Schlossberg thus making him the third member of the Management Committee. (Motion to Dissolve, ECF No. 100, p. 2).

Apparently believing that the departing members of Folding Light left to start their own trading firm, Folding Light filed this lawsuit against these former Folding Light Members and employees. (ECF No. 1, Complaint).

Defendants responded with cross claims and third-party claims against Flagstad. (ECF Nos.34, 35, 38). Notably, the cross-plaintiffs allege that Flagstad converted over $1 million of Folding Light funds to himself and another of his business ventures, Financial Freedom Advisors, LLC ("FFA"); admitted his wrongdoing, agreed to resign, but subsequently refused to step down as Lead Manager; and damaged Folding Light more than ten million dollars ($10,000,000) by his wanton breaches of fiduciary duty to Folding Light. (ECF No. 38, ¶¶ 14, 17-18, 20, 22-24, 35, & 47).[3]

During the pendency of this lawsuit, the relationship between Mr. Streibich and Flagstad soured. And, on April 9, 2020, Streibich, filed a Complaint against Flagstad in this District, entitled *The James Streibich Revocable Trust of 2002 v. Brock H. Flagstad et al.,* Case No. 20-cv-02242

---

[3] While the cross claims do ask for dissolution and an accounting, such dissolution should only take place after the accounting and full hearing of evidence on the third-party claims brought derivatively on behalf of Folding Light to recover the money that Mr. Flagstad took from Folding Light and misused for his own personal purposes.

(the "Streibich Lawsuit")[4]. The Streibich Amended Complaint alleges that Flagstad fraudulently induced Streibich to invest $2,000,000 into Folding Light, proceeded to steal this money from Folding Light, and also engaged in conspiracy, racketeering, and breach of contract. Specifically, Streibich states that Flagstad directed at least $849,000 in unauthorized secret cash wire transfers from Folding Light to bank accounts of Flagstad and Flagstad businesses and orchestrated the theft of millions in funds to transfer cash between the Flagstad businesses in furtherance of Flagstad's enterprise scheme. (Ex. A, ¶¶ 28 &31).

The allegations of wrongdoing against Flagstad are very serious but Flagstad's Motion does nothing to address any of the allegations. Rather, Flagstad, blithely and without evidence, requests that this Court dissolve Folding Light and appoint Flagstad himself as the Liquidating Agent of Folding Light.

## **ARGUMENT**

**A. THE LEGAL STANDARD THAT GOVERNS DISSOLUTION IS IN QUESTION.**

Under the Operating Agreement:

8.1. Dissolution. The Company shall only be dissolved upon the first to occur of the following:

(a) The unanimous approval of the Members of the Company; and

(b) At the time of entry of a decree of judicial dissolution under subsection 4 of Section 180/35-1 of the Act.

---

[4] On November 9, 2020, Streibich filed an Amended Complaint in the Streibich Lawsuit, which is the operative pleading in the Streibich Lawsuit (the "Streibich Amended Complaint"). A copy of the Amended Complaint (without exhibits) is attached hereto as Exhibit A.

(Motion to Dissolve, Ex. A at § 8.1.) The Operating Agreement defines the "Act" as "the Delaware Limited Liability Company Act, as amended from time to time." (*Id*. at Article 1.). But there is no Section 180/35-1 in the Delaware Limited Liability Company Act. However, there is a Section 180/35-1 in the Illinois Limited Liability Company Act. Therefore, the very law that applies to this dissolution is in question and requires discovery prior to any order of dissolution.

### B. IRRESPECTIVE OF WHETHER DELAWARE OR ILLINOIS LAW APPLIES, THE MOTION SHOULD BE DENIED BASED ON ABSENCE OF EVIDENCE.

#### 1. Illinois Law

Section 180/35-1 of the Illinois Limited Liability Company Act states in relevant part:

"(a) A limited liability company is dissolved and its business must be wound up upon the occurrence of any of the following events: (1) An event or circumstance that causes the dissolution of a company by the express terms of the operating agreement. (2) The consent of all members. (3) The passage of 180 consecutive days during which the company has no members. (4) On application by a member or a dissociated member, upon entry of a judicial decree that: (A) the economic purpose of the company has been or is likely to be unreasonably frustrated; (B) the conduct of all or substantially all of the company's activities is unlawful; (C) it is not otherwise reasonably practicable to carry on the company's business in conformity with the articles of organization and the operating agreement." 805 ILCS 180/35-1(a).

Judicial dissolution, therefore, occurs only upon "application by a member or a dissociated member." 805 ILCS 180/35-1(a)(4). An application requires supporting evidence. Flagstad's application, however, is blatantly improper and provides no evidence whatsoever to justify his request for the extreme measures of dissolution and being appointed full receiver. Sterioti, the third Manager, could break the deadlock between Flagstad and Streibich; the only support for Flagstad's claims that Sterioti refuses to break the deadlock are mere statements by Flagstad himself. Until

evidence proves that Folding Light is indeed hopelessly deadlocked and dissolution warranted, the Court cannot dissolve Folding Light.

Further, Illinois case law demonstrates the requirement that actual evidence be presented to prove the necessity of a court ordered dissolution. *See e.g. Koulianos ex rel. Biopro, LLC v. Amiran*, 2014 Ill. App. 131060, 14 (Ill. App. Ct. 2014), (the court dismissed plaintiff's request for BioPro's dissolution because "plaintiff did not allege sufficient facts to state causes of action."); *Santella v. Kolton*, 2017 Ill. App. 103711, 53 (Ill. App. Ct. 2017) ("The court dissolved Food Groupie after years of litigation, after becoming well acquainted with the parties and the evidence.") As Flagstad's Motion to Dissolve is devoid of evidence, it must be denied.

**2. Delaware Law**

Delaware law, too, considers dissolution "an extreme remedy to be applied only when it is not longer reasonably practicable for the company to operate in accordance with its founding documents." *In re Arrow Investment Advisors, LLC*, C.A. No. 4091-VCS, at *1 (Del. Ch. Apr. 23, 2009).

As established under the Delaware Limited Liability Company Act, "on application by or for a member or manager the Court of Chancery may decree dissolution of a limited liability company whenever it is not reasonably practicable to carry on the business in conformity with a limited liability company agreement." 6 Del. C. § 18-802. Commenting on this section of the Delaware Limited Liability Company Act, the Court states, "This is a high standard. And, as the statute makes clear, even if the standard of 'not reasonably practicable' is met, the decision to enter a decree of dissolution nonetheless rests with the discretion of the Court." *Lola Cars International v. Krohn Racing, LLC*, C.A. Nos. 4479-VCN, 4886-VCN, at *74 (Del. Ch. Aug. 2, 2010)

Flagstad's Motion to Dissolve Folding Light seeks to circumvent the extensive procedural process and compelling evidence necessary in Delaware dissolution cases. See e.g. *Lola Cars International v. Krohn Racing, LLC*, C.A. Nos. 4479-VCN, 4886-VCN, at *74 (Del. Ch. Aug. 2, 2010); *Haley v. Talcott*, 864 A.2d 86 (Del. Ch. 2004).

For example, Flagstad claims that he and Streibich disagree over the current litigation and that the third member of the Management Committee, Sterioti, will not act to break the stalemate. But this statement is unsupported by declaration and, therefore, of no moment. Critically, Flagstad offers only empty claims of Sterioti's refusal to break the deadlock; Flagstad presents no evidence whatsoever—not even a record of an attempt to contact Sterioti nor an affidavit stating the same—to substantiate his claims.

For the Court to dissolve Folding Light, Flagstad must uncontrovertibly establish that less drastic measures to break the stalemate are not feasible. Until Flagstad proves Sterioti's unwillingness to end the standoff, the Court must recognize that the LLC Agreement does indeed provide for breaking this deadlock with the vote of Sterioti.

### C. GIVEN THE WIDESPREAD ALLEGATIONS OF FRAUD AND THEFT AGAINST HIM, FLAGSTAD <u>CANNOT</u> BE APPOINTED LIQUIDATING AGENT OF FOLDING LIGHT.

Flagstad cannot be appointed the liquidating agent of Folding Light. Indeed, to appoint Flagstad as liquidating agent would be tantamount to giving Flagstad complete control over this lawsuit and complete control over covering up his serious misdeeds.

Flagstad is the Lead Manager at Folding Light and stands accused of common law fraud, conversion/theft, breach of fiduciary duty, and violation of Sections 1962 (c) and (d) of the Racketeer Influenced and Corrupt Organization Act ("RICO") 18 U.S.C. § 1962(c)&(d) related to his misdeeds managing Folding Light. These claims and allegations come from nearly all of the

former members of Folding Light and from current member, Streibich. The Streibich allegations are perhaps most damning.

Indeed, the allegations contained in the Streibich Amended Complaint against Flagstad and the entities he controls should be more than enough for this Court to recognize that Flagstad **cannot be appointed the Liquidating Agent of Folding Light**:

> 20. Only a matter of weeks after the Trust's investment, Folding Light, at Flagstad's direction, began transferring money from Folding Light's bank account to Flagstad and Defendant FFA. Between June 1 and July 24, 2018, $340,000 of Folding Light cash was transferred to Flagstad and FFA. In the Fall of 2018, the Folding Light trading team and other members departed to start a competing trading company. Folding Light thereafter filed suit against former Folding Light Members and employees, including Kasey Klaas, in the United States District Court for the Northern District of Illinois. *See* <u>Folding Light, LLC v. Kasey Klaas, et al.</u>, Case No. 1:19-cv-03949 (N.D. Ill. filed June 12, 2019). The Defendants responded with counterclaims against Flagstad for conversion and breach of fiduciary duty. The counterclaims allege that Flagstad converted over $340,000 from Folding Light and transferred the funds to Flagstad Company FFA.

> 23. Flagstad has a rapacious personal need for cash to support his lavish lifestyle of private jets and expensive cars. His cash needs exceeded any compensation he received from Folding Light.

> 24. The Defendants, individually and collectively, are engaged in a common enterprise (the "Enterprise") to engage in financial fraud to enrich Flagstad. The Enterprise has been ongoing for at least three years beginning in 2017, and is continuing.

> 25. Flagstad has received at least $1.5 million in cash payments between January 2019 and August 2020 from the Enterprise.

> 26. Defendants have created phony invoices and/or expense records to substantiate the hundreds of thousands of dollars transferred from Folding Light to Oxford Media, FFA, and the other Defendants.
>
> 28. In late 2019, the Trust persisted in seeking financial information regarding Folding Light, without success. With Flagstad's failures to communicate to the Trust, its concern and suspicion increased. As a result, in February 2020 Streibich decided to go directly to one bank where he knew Folding Light maintained an account. He was able to obtain partial banking information that startingly revealed that Flagstad—beginning as early as January 2019 and without notifying Folding Light Members, notifying the management committee, providing collateral, or requesting the Trust's consent for a related party transaction as was done just one month prior for the Revolving Line of Credit Line—directed at least $849,000 in unauthorized secret cash wire transfers from Folding Light to bank accounts and to the Defendants.
>
> 30. Additionally, beginning at least as of January of 2019, and until at least August of 2020, the Oxford Defendants have paid $5,290,780.72 to American Express for charges incurred by Flagstad. Another Flagstad Company but not a defendant herein, Channel Clarity LLC ("Channel Clarity"), paid $625,762.87 to American Express for charges incurred by Flagstad. These expenses, in whole or in part, are not legitimate business expenses. The payments were made by the electronic transfer of funds.

Ex., B, Streibich Amended Complaint, ¶¶ 20, 23, 24, 25, 26, 28, 30.

Appointing someone like Flagstad as the liquidating agent of Folding Light is the very antithesis of a proper receiver. Indeed, receivership "had its origin in the English Court of Chancery at an early date, and it was incidental to and in aid of the jurisdiction of equity to enable it to accomplish, as far as practicable, complete justice among the parties before it, the object being to secure and preserve the property or thing in controversy for the benefit of all concerned pending

the litigation, so that it might be subjected to such order or decree as the court might make or render." *Connolly v. Gishwiller*, 162 F.2d 428, 435 (7th Cir. 1947).

Considering that receivership must be an instrument of justice, Flagstad, who has been accused of theft, fraud, racketeering, and conspiracy among other charges, cannot be trusted to oversee liquidation of Folding Light. Furthermore, as evidenced by his disagreements with Streibich and other former members of Folding Light, Flagstad has a blatant conflict of interest in handling Folding Light's current litigation, repaying debts, and winding down Folding Light.

### D.  CONCLUSION

Flagstad's Motion to Dissolve must be denied. Flagstad offers no evidence to support his request for the drastic measure of liquidating Folding Light and the appointment of a liquidating agent. Finally, should evidence establish the need to dissolve the company, Flagstad—against whom serious allegations of financial impropriety mounts, including theft from Folding Light—should not be trusted with being the liquidating agent of Folding Light.

WHEREFORE, Defendants/Counter-Plaintiffs Kasey Klaas and Bunny Foo Foo Labs, LLC, respectfully request that this Honorable Court: (1) deny Brock Flagstad's Motion to Dissolve Folding Light and Appoint Liquidating Agent; and (2) for such other and further relief as this Court deems appropriate under the circumstances.

December 18, 2020.                                   Respectfully submitted,

                                                                                    KASEY KLAAS and
                                                                                    BUNNY FOO FOO LABS, LLC


                                                                                    By: s/Timothy E. Horton_____
                                                                                       One of their Attorneys

Dean J. Polales
Timothy E. Horton
Polales Horton LLP
53 W. Jackson Blvd., Suite 928
Chicago, Illinois 60604
(312) 598-2522
dpolales@polaleshorton.com
thorton@polaleshorton.com

**CERTIFICATE OF SERVICE**

  The undersigned certifies that a copy of the foregoing was served on all counsel of record via electronic mail on December 18, 2020.

              /s/ *Timothy E. Horton*
              Timothy E. Horton